$\overline{212}$    $\overline{515}$
f217    497

# Kleckner, Appellant, *v.* Kleckner.

*Deed—Parent and child—Fraud—Support and maintenance—Evidence—Presumption.*

Where an elderly woman feeling herself unable to continue the management of her real estate conveys it to her son in consideration of support and maintenance for her life, and it appears that the income will only be sufficient to support her, and that her support remains a charge on the land, no fraud or unfair practice will be presumed from the conveyance, and in the absence of evidence of fraud and actual undue influence such conveyance will be sustained. In such a case the absence of a power of revocation in the deed is immaterial.

Argued May 8, 1905. Appeal, No. 291, Jan. T., 1904, by plaintiff, from decree of C. P. Union Co., Sept. T., 1902, No. 1, dismissing bill in equity in case of Angeline C. Kleckner v. William M. Kleckner. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Bill in equity for the rescission and cancellation of a deed. Before McCLURE, P. J.

From the record it appeared that on August 13, 1901, Angeline C. Kleckner, the mother of defendant, conveyed to the latter certain real estate by deed which contained the following covenant:

" The said party of the second part for himself, his heirs, executors, administrators and assigns, in consideration of the premises, hereby grants and agrees to and with the said party of the first part, that he will during the life of the party of the first part furnish and supply her free of charge with good and sufficient meat, drink, raiment, board and maintainance, coal and wood, washing and ironing, of every description, and medical attendance and medicines, in case of illness, and in all and every respect provide and care for her in a complete and decent manner in accordance with her requirements as she has been heretofore maintained and provided for. And at her death will bury her in a Christianlike manner and provide a suitable tombstone at her grave free of charge."

The bill prayed for a cancellation of this deed on the ground of fraud.

The court found as a fact that no fraud had been committed, and no actual undue influence exercised in procuring the deed.

The court's conclusions of law were as follows:

The contention of the plaintiff is that there was not only constructive but actual fraud in procuring the execution of the deed by Mrs. Kleckner to her son. That between them the confidential relation of parent and child existed and the defendant sought to ingratiate himself into his mother's good will and confidence so that she would rely upon him and place her affairs in his hands. That in consequence of this relation the burden rests upon the defendant to prove to the satisfaction of a chancellor that the plaintiff acted voluntarily and deliberately and fully knew what she was doing; that she was competent to act, free from undue influence; had competent and independent advice and that the transaction was righteous. And that the defendant having failed in one and all of these requirements, a decree must be entered against him: Miskey's Appeal, 107 Pa. 611; Yardley v. Cuthbertson, 108 Pa. 395; Darlington's Estate, 147 Pa. 624; Darlington's Appeal, 86 Pa. 512; Cuthbertson's Appeal, 97 Pa. 163; Worrall's Appeal, 110 Pa. 349; Stepp v. Frampton, 179 Pa. 284; Russell's Appeal, 75 Pa. 269; Longenecker v. Church, 200 Pa. 567, and kindred cases are cited in support of these propositions.

The case in hand is easily distinguishable from those above enumerated. This is not a gift or bequest to a stranger, nor a voluntary conveyance to one occupying a position of trust and confidence. It is a conveyance by a mother to her son of practically all her property it is true, but for a good and valuable consideration, viz.: her support and maintenance for life; and, in the absence of fraud or undue influence, such family arrangements have been upheld by our courts. They are of quite frequent occurrence—no less than three of them having been before us for adjudication during the past year—and fraud, circumvention or unfair practice in their making is not presumed.

It is strongly urged that this contract is so unconscionable and unrighteous as to call for the court to set it aside; that the plaintiff is stripped of all her property by a deed without power of revocation; and that she has nothing more than the per-

sonal obligation of her son, who is without means, save what the conveyance gave him, to insure her support and maintenance. It appears to us that a misconception of the effect of the deed in question has occasioned much of the dissatisfaction in regard to it and the present hostile attitude of the parties. This is a conditional conveyance, the land stands as surety for the grantee and he is powerless to remove the charge thereby imposed upon it by sale or otherwise : Rohn v. Odenwelder, 162 Pa. 346, and cases there reviewed. And, as this was not a mere voluntary conveyance, but one founded on a good and valuable consideration, it would not have been proper to have inserted a power of revocation and the absence of such power is entirely immaterial : Doran v. McConlogue, 150 Pa. 98. By accepting the grant the defendant assumed the obligation of providing for his mother " in a complete and decent manner in accordance with her requirements as she has been heretofore maintained and provided for ; " and this he will be compelled to do whether the income and profits of the farm (some $200 to $300 per year) are sufficient for that purpose or not. She is relieved of the oversight of the farm which she felt unable to continue and was contemplating having assistance for that purpose. If the son fails to perform his duty to his mother and comply with the terms of the grant she has her remedy and the land will be restored to her. But we cannot avoid it in anticipation of his breach of his covenants. Thus far the son has not taken possession of the farm, no doubt owing to his mother's attempted repudiation of her contract and the litigation which has grown out of it. She has received the proceeds, paid the taxes and refused reimbursement when tendered her. With the plaintiff hostile and rejecting his proferred services he could not comply with his agreement, but no inference that he will not in the future can be drawn therefrom.

" As to the improvidence of the deed, no more can be alleged than could be said of very many similar conveyances that have been made in Pennsylvania, and never questioned, or if questioned, not overthrown. All such dispositions of property are violations of those maxims of prudence that enjoin a man, whilst he has health in his body, to keep the staff in his own hands, and not divide his substance among his children till he

come to die. Still they are common, and this one is as well guarded as they usually are : " WOODWARD, J., in Nace v. Boyer, 30 Pa. 99. "But how is the arrangement an unconscionable one? It is not a bargain and sale between strangers, but a family arrangement between a father and his children, by which the former, perhaps imprudently anticipating the course of nature, places in their hands that which, sooner or later, would be theirs at any rate, in consideration of maintenance and support free from all further worldly care, responsibility or trouble : " SMYSER, P. J., Ibid. See also Kelly's Appeal, 108 Pa. 29.

It is nevertheless well settled that when one who, though weak and failing, is not of unsound mind, deliberately bestows his property on a child in consideration of the latter's undertaking to provide for his support, a court of equity will not avoid the grant, if it appears that he was aware of the consequences of his act and that it could not be recalled : Howe v. Howe, 99 Mass. 88 ; Hadley v. Latimer, 11 Tenn. 537 ; Nace v. Boyer, 30 Pa. 99, 111 ; Darnell v. Rowland, 30 Indiana, 342. In the case last cited the court refused to set aside the deed, although the facts were strongly indicative of undue influence, if not of an abuse of confidence : 3 White and Tudor's Leading Cases, 1211.

Where the positions of the two parties are reversed, where the parent is aged, infirm, or otherwise in a condition of dependence upon his own child, and the child occupies a corresponding relation of authority, conveyances conferring benefits upon the child may be set aside. Cases of this kind turn upon the exercise of actual undue influence, and not upon any presumption of invalidity; a gift from parent to child is certainly not presumed to be invalid : Pomeroy's Eq., vol. 2, sec. 962.

That this doctrine has been adopted by the courts of Pennsylvania, and that they do not look with jealousy upon voluntary grants and conveyances upon good consideration from parents to children, see Doran v. McConlogue, 150 Pa. 98 ; Simon v. Simon, 163 Pa. 292 ; Knowlson v. Fleming, 165 Pa. 10, in addition to the cases above referred to.

This is, as we have said, a family agreement. It was made by the only persons who have any title or reasonable expectant interest in the property left by the husband and father. No third person's rights are affected by it. The mother is relieved

of the care and management of the farm, and, as it will take the net income to maintain her, the son will receive no benefit until after her death.    The grantor's interests are as well guarded as in such conveyances they usually are and the land is kept in the blood of the Kleckners in conformity with the law of descent in Pennsylvania.    There is a wide difference between this case and those which appear in our books where the very delicate power of setting aside executed conveyances of property has been exercised by our courts of equity.

From what has been said it follows as a matter of law that the bill must be dismissed.

*Error assigned* was decree of the court dismissing the bill.

*Andrew A. Leiser*, with him *Andrew A. Leiser, Jr.*, for appellants.

*George B. Reimensnyder*, with him *J. C. Bucher*, for appellee.

PER CURIAM, June 22, 1905 :

The bill seeks the rescission and cancellation of a deed made by the complainant to her son, on the ground that it was obtained by fraud.    The question of fraud is the only one in the case.    The evidence was very full on the whole transaction, the judge had it all before him and he found against the complainant.    It would serve no useful purpose to review the evidence in detail.    It is sufficient to say that we are satisfied with the learned judge's view of the facts and we affirm the decree on his conclusions of law.

Decree affirmed.