# Vaughn, Appellant, v. Vaughn.

*Parent and child—Gift—Presumption—Evidence.*

As between parent and child there is no presumption of the invalidity of a voluntary gift and unless there is evidence of undue influence or of circumstances that give rise to a suspicion, the burden is not on the donee to show the fairness of the transaction.

Argued Feb. 27, 1907. Appeal, No. 80, Jan. T., 1907, by plaintiff, from decree of C. P. Lackawanna Co., May T., 1905, No. 5, dismissing bill in equity in case of John Vaughn v. Daniel W. Vaughn and The South Scranton Building and Loan Association. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to declare void the assignment of a note. Before KELLY, J.

The facts appear by the opinion of the Supreme Court.

*Error-assigned* was decree dismissing the bill.

*S. B. Price*, with him *P. E. Kilcullen*, for appellant.

*T. A. Donahoe*, with him *M. J. Donahoe*, for appellee.

PER CURIAM, April 1, 1907 :

The bill in this case was filed by an administrator to set aside the assignment of a note made by the decedent a few days before his death to his son. The averments of the bill are that the decedent because of sickness and the infirmities of age was unable to transact business, and that the assignment was procured by undue influence and fraud. Neither of these averments was sustained by the evidence. It was found by the learned judge that the decedent was not mentally weak when the assignment was made, but was of sound mind and capable of transacting business and fully understood the nature and character of his acts; that no confidential relations existed between him and his son, and that there was no evidence that he was in any way influenced to make

the assignment or that it was not his voluntary act. As between parent and child there is no presumption of the invalidity of a voluntary gift and, unless there is evidence of undue influence or of circumstances that give rise to a suspicion, the burden is not on the donee to show the fairness of the transaction : Worrall's Appeal, 110 Pa. 349 ; Simon v. Simon, 163 Pa. 292; Kleckner v. Kleckner, 212 Pa. 515.

The decree is affirmed at the cost of the appellant.