## Bloom, Appellant, v. Baron et al.

*Vendor and vendee—Option—Acceptance — Change of terms— Consideration.*

1. Where a lease of real estate gives to the tenant an option to purchase the same "within one year" with settlement within thirty

days of notice of exercise of option, and the tenant by writing, two months after the date of the lease, gives notice of the acceptance of the option with settlement on a date stated about six months thereafter, and time to be the essence of the contract, such written notice, accepted by the owner with hand money, is binding on the tenant, and if he fails to make settlement on the day stated, he cannot thereafter and within the year, exercise the option on the terms specified in the lease.

2. In such case, the extension of time from thirty days to almost six months for settlement, was a new, good and sufficient consideration, from the owner, for the covenants on the part of the tenant as to the cancellation of the original option, the making time for performance, not later than the six months mentioned, as of the essence of the contract, and a stipulation for payment as liquidated damages for breach.

*Appeals—Assignments of error—Failure to set forth decree— Grouping of exceptions.*

3. Assignments of error in an appeal from a decree dismissing a bill in equity, are improper, which do not set forth the decree, and which group in one assignment the dismissal of various exceptions to requests for findings.

Submitted January 13, 1921. Appeal, No. 145, Jan. T., 1921, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 6086, dismissing bill in equity in case of Benjamin Bloom v. Annie Baron and J. Baron. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for specific performance. Before Mc-CULLEN, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were dismissal of various requests for findings, grouping them in one assignment, and dismissal of bill, without quoting the decree.

*J. Fred. Hartman,* for appellant.

*Adolph Eichholz,* for appellees.

PER CURIAM, February 14, 1921:

In this case, which was heard on bill, answer and proofs, the court below sustained the following findings of fact.

Defendant, Annie Baron, on December 26, 1918, was, and now is, the owner of certain real estate in the City of Philadelphia; that day, she and her husband, J. Baron, entered into a written lease with plaintiff, Benjamin Bloom, under which they demised, to the latter, parts of the premises in question, for the term of three years from January 26, 1919, and gave him an option to purchase, expressed in this language: "For the period of one year from the date hereof, the lessee shall have the option to purchase said premises for the sum of fifteen thousand dollars, subject only to a certain ground rent of forty dollars per annum and to a mortgage of ten thousand dollars; this option shall absolutely cease unless exercised in writing within one year from the date hereof and followed by settlement within thirty days from the date of such written notice of the exercise of said option, and the lessee be still in occupancy of the demised premises."

On April 9, 1919, plaintiff entered into a written agreement with defendants to purchase the premises. This contract recites that "Benjamin Bloom has determined to exercise the option contained in the lease to him"; it acknowledges the payment of $500, and stipulates that settlement shall be made by plaintiff "before October 1, 1919." It further provides as follows: "Time is to be considered as of the essence of this agreement, and in the event of the default of Mr. Bloom to make settlement ......by October 1st, 1919, at the latest, then the sum of $500 hereby paid is to be considered as liquidated damages, and shall be retained on account thereof, and the option shall be considered as ended and cancelled."

After April 9, 1919, plaintiff altered and improved the premises, for the purposes of his business.

Plaintiff "was not prepared at any time on or prior to October 1, 1919, to make settlement for the purchase of said premises," nor did he before then "tender performance of the terms of said option or of said contract."

On or about October 29, 1919, however, plaintiff served a written notice on defendants that he would exercise the option within thirty days from date, and would notify them as to the exact date of settlement, which would be within thirty days from the date of his letter; and in his bill plaintiff avers readiness "to make settlement for the purchase of said premises, in accordance with the terms of the option recited in said lease, within the period of thirty days from and after October 29, 1919, the date of said notice."

"Defendants refused to acknowledge said notice of October 29, 1919, as of any validity, and informed plaintiff that his option to purchase said premises ended and terminated October 1, 1919, when he failed to comply with the terms of said written contract of April 9, 1919; whereupon the plaintiff filed the bill in this proceeding ......, praying that defendants be required to convey said premises......to plaintiff, upon the latter making payment of the purchase money as mentioned in the option in said lease."

Finally the chancellor found that, "upon the hearing of the cause, plaintiff produced in court, and tendered defendants, a certified check for $4,000, and stated that he had arranged for the raising of $12,000 additional from the Leland Building Association, upon a second mortgage; the latter sum was not produced or actually tendered, and, other than this, no formal tender of performance was made by plaintiff."

In dismissing the bill, the learned chancellor correctly said: "The option for purchase contained in the lease of December 26, 1918, was transformed into and became a complete and binding contract of purchase by virtue of the written agreement of April 9, 1919,......, and the said option became wholly merged in said contract.

......When plaintiff defaulted in that contract of purchase, by failing to make settlement on or before October 1, 1919, having expressly stipulated that time should be of the essence of the contract, his right to ask for a decree for conveyance from the defendants was gone; his option to purchase was at an end, and he could not revive it by means of the written notice of October 29, 1919."

On the subject of consideration for the contract of April 9, 1919, the court below properly states: "As it is set forth in the lease, the option provides for settlement for the purchase within thirty days from the date of written notice of the exercise of the option; this, if enforced, would require settlement to be made on or before May 9, 1919, if the date of notice of exercise was April 9, 1919. The contract of April 9, 1919, however, gives plaintiff, the purchaser, more liberal terms as to time, making the period for settlement almost six months instead of thirty days—stipulating for settlement 'by October 1st, 1919, at the latest,' but expressly making time as of the essence of the agreement, and providing that, if settlement be not made 'by October 1, 1919, at the latest,' the sum of $500, the hand money paid, shall be considered as liquidated damages to be retained on account thereof, and that 'the option shall be considered as ended and cancelled." This extension of time, from thirty days to almost six months, for settlement was a new, and a good and sufficient, consideration from defendants for these covenants on the part of plaintiff as to the cancellation of his option, the making time for performance, not later than October 1, 1919, as of the essence of the contract and the stipulating for the payment of liquidated damages for breach."

The assignments of error are not in proper form; they are all dismissed.

The decree is affirmed at cost of appellant.