# Rutter, Appellant, *v.* Rutter.

*Equity—Setting aside agreement for sale of land—Parent and child—Burden of proof.*

1. The mere fact of relationship of parent and child without proof of a relation of trust or confidence, will not, in a suit in equity by a mother against a son to cancel an agreement of sale of real estate, cast upon the son the burden of proof that he used no deception and that the transaction was fair and reasonable.

2. In such a case the bill will be dismissed where it appears that a substantial consideration was paid, that no offer to return it had been made, and that the terms of the contract as to support and maintenance of the mother had been complied with.

*Equity—Equity practice—Death of judge—Findings of fact.*

3. Where a judge in an equity suit hears the evidence but dies before making findings of fact, the findings by his successor, are not entitled to the usual weight given to findings by the court below, but the appellant is still under a heavy burden to show that the findings were not correct.

Argued January 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 119, Jan. T., 1928, by plaintiff, from decree of C. P. Delaware Co., Dec. T., 1924, No. 1460, dismissing bill in equity, in case of Mary M. Rutter v. Henry D. Rutter. Affirmed.

Bill to avoid agreement for sale of real estate. Before FRONEFIELD, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*William C. Alexander,* for appellant.—The rule that findings of a court have weight of a verdict does not apply because the judge who decided the case did not hear the evidence: Gilbraith's Est., 270 Pa. 288.

Defendant occupied a confidential relation towards his mother and owed to her the utmost good faith: Potter's Est., 6 Pa. Superior Ct. 627; Stepp v. Frampton, 179 Pa. 284; McConville v. Ingham, 268 Pa. 507.

A presumption of fraud arose from the circumstances and the burden was on defendant to show the agreement was fair and equitable: Darlington's Est., 147 Pa. 624; Light v. Light, 221 Pa. 136; Matthaei v. Pownall, 235 Pa. 460; Corrigan v. Conway, 269 Pa. 373; Boyd v. Kilmer, 285 Pa. 533.

*Charles I. Cronin,* for appellee.—Under the circumstances here involved, no presumption of fraud arose,

and the burden of proof did not shift to defendant: Northern Trust Co. v. Huber, 274 Pa. 329; Coleman's Est., 193 Pa. 605; Kleckner v. Kleckner, 212 Pa. 515.

Equity will not decree a cancellation of the agreement in absence of a return by plaintiff of the consideration received: Wright v. Leather Co., 257 Pa. 552; Rumsey v. Shaw, 212 Pa. 576: Babcock v. Case, 61 Pa. 427, 430; Beetem v. Burkholder, 69 Pa. 249, 253; Fowler v. Water Co., 208 Pa. 473.

OPINION BY MR. JUSTICE FRAZER, March 12, 1928:

Plaintiff is the mother of defendant, with whom she entered into an agreement dated April 4, 1919, whereby, in consideration of $5, she gave to defendant an option to purchase a house owned by her situated in Lansdowne, Delaware County, for the sum of $8,500 in cash, the right being given defendant to exercise such option "at any time he may elect so to do," the option to survive to defendant "for a period of one year immediately succeeding the decease of the plaintiff." This written option was accompanied by an oral agreement whereby defendant was to sell his own home at Highland Park, Delaware County, and move to Lansdowne and occupy the house in question, provide a home for plaintiff during the balance of her life, pay her $5 a week, keep the property in repair, pay all liens, taxes and mortgage interest, and make necessary improvements. Pursuant to the agreement, defendant moved to Lansdowne and he and his mother lived together on the premises under option for about five years, during which time defendant made the weekly payments to plaintiff, provided a home, repaired the property, paid taxes, interest, etc., expending altogether over $5,000. No serious dispute or quarrel appears to have arisen between the parties until 1924, at which time plaintiff requested defendant to release his option on the property and thereby enable her to offer it for sale, the market price having advanced in the meantime. Defendant refused, and this led to un-

pleasantness and quarrels, which finally resulted in plaintiff leaving home. She then filed the present bill to have the option declared void and a fraud on her, claiming defendant intentionally made it so unpleasant for her that she was obliged to remove from the premises; that defendant failed to keep the property in repair and pay all liens and taxes, and that he committed fraud on plaintiff in inducing her to sign the agreement. The court below found defendant had substantially performed his part of the contract, that the discord between the parties was due to the refusal of defendant to release the option and thus enable plaintiff to sell the property, and that plaintiff had made no offer to return the consideration she received from defendant in carrying out his part of the contract, and entered a decree dismissing the bill. From this decree plaintiff appealed.

The judge who heard the testimony died before filing his findings of fact and conclusions of law, and the case was subsequently disposed of by his successor in office. The latter did not, consequently have the benefit of hearing the witnesses testify, and was obliged to rely entirely upon the printed record, and, hence, had no advantage over this court in passing on the credibility of witnesses; his findings accordingly are not entitled to the usual weight to be given findings of the court below in equity cases: Gilbraith's Estate, 270 Pa. 288. However, as was stated in that case, there still remains on appellant a heavy burden of showing the court below erred in its findings. An examination of the record fails to convince us that error exists which requires a reversal.

Appellant claims a confidential relation between plaintiff and defendant sufficient to shift to defendant the burden of showing he took no unfair advantage of claimant, and, in support of this view, cites Stepp v. Frampton, 179 Pa. 284. While it is true the language of the court in that case indicates that the mere existence

of the relation of parent and child creates a confidential relation, ample to place on the latter the burden of showing he did not exercise improper influence or take undue advantage, yet later decisions of this court, particularly Kleckner v. Kleckner, 212 Pa. 515, and Northern Trust Co. v. Huber, 274 Pa. 329, limit the above rule to transactions between strangers or where there is in fact a business or confidential relation indicating the parties did not deal on equal terms. In such case there is placed on the party in whom confidence is reposed the burden of showing affirmatively that no deception was used and that the transaction was fair and equitable. But mere relationship of parent and child is not sufficient to change the burden of proof. There is nothing unusual in a gift from parent to child or a contract with a child upon terms more advantageous to the latter than would have been made with a stranger. Such family arrangements have always been looked upon with favor and upheld by the courts. We find no proof here which shows defendant occupied a position of trust or confidence and therefore the burden remained on plaintiff to show she was imposed upon by defendant.

The testimony is conflicting and the record indicates the existence of unfriendly feelings between various members of the family. On the whole, however, the evidence fully supports the findings of the court below to the effect that defendant carried out his part of the agreement in good faith up until the time plaintiff voluntarily left her home. Furthermore, the consideration which defendant agreed to pay is a substantial one and seems fair and equitable in view of the condition and market value of the property. In Kleckner v. Kleckner, 212 Pa. 515, there was no consideration except that of support and maintenance, and in Boyd v. Kilmer, 285 Pa. 583, conveyance was to a neighbor, not a relative, and the consideration was support and maintenance and the payment of a small debt of a few hundred dollars. Here we have a substantial consideration which repre-

sented the approximate market value of the property at the time the agreement was entered into, and, in addition thereto, care and maintenance and a weekly allowance, plus all carrying charges on the property in the meantime, and the cost of repairs, which, of course, would be forfeited should defendant fail to carry out his part of the contract. Under all the circumstances the court below was fully justified in concluding that the bill should be dismissed on the merits, and, further, that plaintiff had no standing to rescind the contract without returning or offering to return the consideration received by her.

The decree of the court below is affirmed at plaintiff's costs.