Harrisburg Dairies, Inc., Appellant, *v.*
Eisaman et al.

Argued January 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*Willis F. Daniels,* with him *Rose Daniels* and *Harold W. Swope,* for appellant.

*Frank E. Coho,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

*A. Evans Kephart,* for intervenors.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:
Appellant, Harrisburg Dairies, Inc., filed a bill in equity attacking the validity of Article V, section 501, of the Milk Control Law of 1937, Act of April 28, 1937,

P. L. 417, requiring milk dealers to post either a surety or collateral bond with the Milk Control Commission conditioned for the payment by the dealer for milk purchased from producers, on constitutional grounds, and asking that the Milk Control Commission be restrained from enforcing its provisions.

A preliminary injunction was granted and was subsequently continued until final hearing, whereupon the Commission appealed to this Court. Appellant having made out a prima facie case, this Court sustained the court below and remanded the case for a determination, after hearing, as to whether, having regard to the *actual* circumstances surrounding the State's milk industry, the bonding provision of the act bears such reasonable relation to the preservation and continuation of an adequate supply of pure milk, the purpose asserted by the Legislature to be accomplished, as a constitutional exercise of the police power requires.* The Court did not pass upon the legalities, saying, "As recognized by the court below, the bill raises grave questions of constitutional law which can only be properly considered after a careful appraisal of all the relevant

---

* The temporary Milk Control Law enacted by the Legislature, in special session, in 1934, Act of January 2, 1934, P. L. 174, contained in the preamble thereto certain facts and circumstances relating to the then state of the milk industry justifying and requiring the legislation. This act was amended and as amended reënacted by the Act of April 30, 1935, P. L. 96, for a further period of two years. Then, in 1937, the Legislature, in regular session, passed the permanent Milk Control Law herein attacked, making findings of fact in the preamble in justification of the act not substantially different from the facts set forth in the prior temporary acts, and the further findings that public control of the industry was stabilizing the conditions therein, that a relaxation of control would cause a return to the unhealthful, uneconomic, deceptive and destructive practices of the past, and that the protection of public health and welfare and prevention of fraud and imposition upon consumers and producers required a continuation of public control.

facts and circumstances": see *Harrisburg Dairies, Inc.,
v. Eisaman et al.,* 328 Pa. 195.

Extensive hearings were had following which the
chancellor made findings of fact relative to actual con-
ditions prevailing within the milk industry entirely in
accord with the legislative findings, set forth in the
preamble to the act, and further findings expressly re-
futing appellant's contention that the bonding provision
of the act had no relation to the maintenance of an
adequate and pure supply of milk.

Numerous exceptions to the chancellor's findings and
conclusions and to his rejection of requests for findings
and conclusions were filed by appellant. The court en
banc sustained the chancellor's findings and conclusions,
dismissed all the exceptions, and held the contested sec-
tion of the act to be violative of neither the State nor
the Federal Constitution. The present appeal followed.

Subsequent to this Court's opinion sustaining the
court below in granting a preliminary injunction (*Har-
risburg Dairies, Inc., v. Eisaman et al,* supra), and
prior to the decree of the court below from which this
present appeal was taken, this Court declared the bond-
ing provision of the Act of 1937 to be constitutional,
in the cases of *Colteryahn Sanitary Dairy v. Milk Con-
trol Commission* and *Keystone Dairy Co. v. Milk Con-
trol Commission,* 332 Pa. 15, and in the case of *Milk
Control Board v. Eisenberg Farm Products,* 332 Pa. 34.
In the former cases, at page 20, Mr. Chief Justice KEP-
HART said: "We held that the former Milk Control Law
(Act of Jan. 2, 1934, P. L. 174) regulating the milk
industry by requiring dealers to be licensed and to give
bonds with the power in the Board to fix minimum and
maximum prices, was a valid exercise of the police
power: *Rohrer v. Milk Control Board,* 322 Pa. 257. The
present act, so far as constitutional questions are con-
cerned, is well within our prior decision . . .". In
the latter, preliminary to passing upon the applicability
of the Milk Control Law where the product is purchased

and destined for interstate commerce the then Chief Justice specifically addressed himself to the question whether the licensing, bonding and minimum price provisions of the Act of 1937 are valid police regulations under our Constitution. He said, at pages 42-43, "We have held in *Colteryahn Sanitary Dairy v. Milk Control Commission,* and *Keystone Dairy Co. v. Milk Control Commission,* 332 Pa. 15, that the Act of Jan. 2, 1934, P. L. 174, and the Acts of April 30, 1935, P. L. 96, and April 28, 1937, P. L. 417, amending and reënacting its provisions, are constitutional. See *Rohrer v. Milk Control Board,* 322 Pa. 257, where it was held that licensing and price-fixing had a direct and substantial relation to sanitation, public health and public welfare. While bonding was not specifically mentioned, it was listed and necessarily included as it was one of the questions in the case. It was conceded at the argument in the present case that the Court could take judicial notice of the fact that licensing and bonding do bear a necessary relation to the preservation and continuation of an adequate supply of pure milk, a necessary article of food in the State, and are in the interest of sanitation and public health. These provisions are also a protection against the danger of fraud to the producer and public . . ." See also *Commonwealth v. Licini,* 138 Pa. Superior Ct. 277.

Conceding that the constitutionality of the bonding feature of the act is not open to question under these decisions, as it must, if the facts and circumstances legislatively found to exist within the milk industry and set forth in the preamble to the act are presently true, appellant takes the position, and attempted to prove, that the conditions found by the Legislature were not or are no longer present within the industry, or have so changed that the burden imposed upon milk dealers by the contested provision bears no reasonable relation to the asserted purpose of the act. It argues that for this reason the bonding feature must fall as an unwar-

ranted exercise of the police power obnoxious to both the State and Federal Constitutions.

It is true that where the validity of legislation is dependent upon the existence of certain facts beyond the range of judicial notice which are denied, and especially where the facts relate to controlling economic conditions within a given trade or industry, such facts are properly the subject of evidence and findings in an appropriate judicial proceeding: *Borden's Co. v. Baldwin*, 293 U. S. 194, 209; *Chastleton, Inc., v. Sinclair*, 264 U. S. 543, 547; *Penna. R. R. Co. v. Driscoll et al.*, 330 Pa. 97, 108-109. The court below recognized this principle. But, it is a rule of no less dignity that findings of fact by a chancellor, supported by competent evidence and approved by the court en banc, are binding upon appellate courts: *Belmont Laboratories, Inc., v. Heist*, 300 Pa. 542, 546, and *Penna. R. R. Co. v. Driscoll et al.*, 336 Pa. 310, 333, and cases therein collected.

The findings of the court below relative to the actual conditions and circumstances presently prevalent within the State's milk industry in all respects confirm the legislative findings, and a careful review of the record shows that the findings of fact are amply supported by the evidence. They are therefore affirmed. Indeed, it is only the most optimistic who could hope to find the facts to be otherwise, in the absence of radical changes in present-day marketing machinery and methods, to which the conditions sought to be controlled by the Milk Control Laws are directly attributable.

Appellant complains that in dismissing its exceptions to the chancellor's findings of fact and his failure to find other and additional facts the court en banc stated: "We have dismissed each of them specifically for the reasons hereinafter stated" and then gave no reasons other than those given for dismissing the exceptions to the conclusions of law, which reasons consisted of relevant quotations from and a discussion of the Rohrer and Eisenberg cases, in neither of which were the fac-

tual bases of the act attacked. Even assuming arguendo, that in the absence of these decisions the court en banc would have sustained appellant's exceptions, which is the most that it could hope for, if, upon examination of the record this Court reached the conclusion that such action of the court en banc was unjustifiable, this Court would be bound to accept the facts as found by the chancellor rather than as found by the full court. In such instances, as neither the court en banc nor this Court has seen nor heard the witnesses, this Court is in as good a position as it to weigh the evidence: *Rutter v. Rutter,* 292 Pa. 343, 346; *Gilbraith's Estate,* 270 Pa. 288, 289; *Belmont Laboratories, Inc., v. Heist,* supra, at 547, 548; *Pilling v. Moore,* 306 Pa. 406, 410; *Curran's Estate,* 310 Pa. 434, 439; *Jones v. Motor Sales Co.,* 322 Pa. 492, 496.

There is an additional reason for affirming the decree entered below, were one needed. Appellant, under a blanket assignment of the findings and conclusions of the court below as error, asks this Court to consider errors in findings of fact. The Rules require that mistaken findings or conclusions be separately assigned for error, and when not so assigned the findings and conclusions of the court below are not properly before this Court on appeal: *Bloom v. Baron,* 269 Pa. 327; *Maier v. Walborn,* 84 Pa. Superior Ct. 522, 526. Such a blanket assignment is no assignment at all and in such instances, as where the final decree only is assigned *(Atlas Portland C. Co. v. American Brick & Clay Co.,* 280 Pa. 449, 452; *Leisey's Est.,* 280 Pa. 533, 535; *Fidelity T. & T. Co. v. Hays,* 281 Pa. 461, 463; *Huff's Est.,* 299 Pa. 200, 204; *Hoffman v. Kline et al,* 300 Pa. 485, 489; *Gerlach's Appeal,* 301 Pa. 14, 16; *Wilson et al. v. Newcastle City,* 301 Pa. 358, 361; *Allen et al v. Pennypacker et al,* 302 Pa. 495, 499; *Smith's Est.,* 308 Pa. 265, 268; *Stephen's Est.,* 320 Pa. 97, 101), the appellate court must assume the underlying facts to be as found by the court below.

The decree is affirmed at appellant's cost.