Swick *v.* Tarentum Borough School District,
Appellant.

Argued April 25, 1940.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*O. K. Eaton*, with him *Russell J. Esler*, for appellant.

*Edward J. I. Gannon*, of *Hazlett, Gannon & Walter*,
for appellee.

OPINION BY RHODES, J., July 19, 1940:

This is an appeal by the School District of the
Borough of Tarentum from an order of the court of
common pleas reversing the action of the board of
school directors in dismissing appellee as a professional
employee of that school district, and directing his reten-
tion. Appellant assigns as error the order of the court
below. There are no separate assignments to findings
of fact or conclusions of law. Hence they are not prop-
erly before this court. *Bloom v. Baron et al.*, 269 Pa.
327, 112 A. 455; *Maier et al. v. Walborn et al.*, 84 Pa.
Superior Ct. 522, 526. When the only valid assignment
is that to a final decree or order, the appellate court

must assume the underlying facts to be as found by the court below. *Harrisburg Dairies, Inc., v. Eisaman et al.,* 338 Pa. 58, 64, 11 A. 2d 875, 878.

The question presented for our determination is whether under the unchallenged findings of fact made after a hearing de novo the order of the court below could be made as a matter of law. In its opinion the court below stated that it made no findings of fact or conclusions of law on the merits of the charges against appellee, although that is the purpose of a hearing de novo. It is the rule that when a hearing is de novo before the court objections to the procedure before the board cannot be raised.[1] The order before us reflects merely a legal conclusion. It was the judgment of the court below that the board had no legal right to adjourn or continue the hearing, once begun, over appellee's protest, and that a discontinuance of proceedings on charges made against appellee did not permit the filing of the same charges thereafter.

We shall briefly state the important findings of fact: On May 26, 1936, appellee and the school board entered into a contract whereby appellee was to teach in the school district for the school year 1936-1937. In pursuance of the decision in *Teachers' Tenure Act Cases,* 329 Pa. 213, 238, 197 A. 344, 358, the board, on February 15, 1938, delivered to appellee a contract as principal for 1937-1938. At the same time appellee was notified of certain charges which had been made against him. On February 28, 1938, the time and place set for a hearing on the charges, six of the seven members of the board, appellee, and his counsel were present when taking of testimony was begun. The hearing was then adjourned until March 3, 1938. On the latter date five

---

[1] In *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200, cited by appellee, the agreed facts, submitted for the judgment of the court, raised the question of the validity of the procedure before the board.

members of the board were present, the sixth member of the board, who had been present on February 28, 1938, being absent on account of illness. Because of the absence of this member on March 3, 1938, the board adjourned the hearing without the taking of further testimony. Appellee refused to agree to any adjournment or continuance. Subsequently, on March 8, 1938, appellee filed a bill in equity to restrain the board from proceeding with the hearing on the charges, and to have the charges against him dismissed. On May 10, 1938, these proceedings in equity were discontinued (see opinion of court below filed October 4, 1939). On September 15, 1938, the board by resolution discontinued action on the charges filed against appellee on February 15, 1938, and charges were again preferred against appellee by a former member of the board. These charges included incompetency, wilful and persistent negligence, cruelty, and persistent and wilful violation of the school laws, and were substantially the same as those of February 15, 1938. On September 23, 1938, appellee filed another bill in equity against the board to have the charges dismissed, and sought a preliminary injunction restraining the board from conducting or holding any hearings on the charges. On the filing of this bill the court ordered that all proceedings by the board be stayed. On October 6, 1938, the court refused the preliminary injunction, and vacated its previous order. At various times from October 18, 1938, until November 9, 1938, hearings on the charges preferred on September 15, 1938, were held by the board. On the latter date the board considered the testimony, and by resolution of a two-thirds vote of all of its members sustained all but two of the specifications under incompetency and wilful and persistent negligence, and sustained the charge of persistent and wilful violation of the school laws. The charge of cruelty was not sustained. Pursuant to said findings and resolution appellee was dismissed, and notice of the action of the

board was served upon him. On December 8 [19], 1938, appellee filed his appeal in the court of common pleas from the action of the board, and requested a hearing de novo.

The voluminous record of the testimony taken at the hearings before the board was submitted to the court below by stipulation of the parties for consideration with the evidence presented at the hearing de novo.

In our opinion, under the facts thus epitomized, the court below could not as a matter of law make the order which it did. The court below should have made a determination on the merits with such order as it considered just, either affirming or reversing the action of the board of school directors, and stating plainly whether appellee be discharged or retained. Section 1205 (j) of the School Code, as amended by section 2 of the Act of April 6, 1937, P. L. 213. The position of appellee and of the court below involves the construction of the Teachers' Tenure Act of April 6, 1937, P. L. 213, and in particular the last sentence of subsection (d) of section 2 of that act, which amended section 1205 of the School Code, and which reads as follows: "Any such hearing may be postponed, continued or adjourned by agreement by the persons charged and the Board of School Directors (or Board of Public Education)." On behalf of appellee it is argued that this provision is mandatory and must be construed in the strictest sense, that any postponement, continuance or adjournment without the agreement of appellee rendered the proceedings illegal, and that the same, or substantially the same, charges could not again be considered by the board.

Our courts fully recognize that the purpose of the Teachers' Tenure Act of 1937 was to insure a competent and efficient school system by preventing dismissal of capable and competent professional employees without just cause, and to insure them continuous employment whenever reasonably possible, and that the purpose of

the procedure prescribed by the act for the dismissal of a professional employee is to prevent arbitrary action by the board, to afford a fair hearing to the professional employee before dismissal, and to provide for full, impartial, and unbiased consideration by the board of the testimony produced. See *Teachers' Tenure Act Cases*, supra, 329 Pa. 213, 231, 197 A. 344, 355; *Streibert v. School District of the City of York*, 339 Pa. 119, 14 A. 2d 303; *Swink's Case*, 132 Pa. Superior Ct. 107, 113, 200 A. 200. But the act must be considered in the light of our fundamental public policy to obtain a better education for the children of the Commonwealth, and to provide the best educational facilities for them. *Walker et al. v. Scranton School District et al.*, 338 Pa. 104, 108, 12 A. 2d 46. And in its construction we must proceed on the presumption that the legislature did not intend a result which is absurd, impossible of execution or unreasonable, and that the legislature intends to favor the public interest as against any private interest. Statutory Construction Act of May 28, 1937, P. L. 1019, § 52, 46 PS § 552. In the interpretation of statutes we are to construe the language so as to give effect to the legislative intent. "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words": *United States v. American Trucking Ass'n, Inc., et al.*, 310 U. S. 534, 60 S. Ct. 1059, 1063, 84 L. Ed. 1345.

A construction of the Teachers' Tenure Act of 1937

that no postponement, continuance, or adjournment of a hearing could be had without the person charged agreeing thereto, without regard to the reasonableness or necessity of such postponement, continuance, or adjournment, would produce absurd and unreasonable results.

If the provision of the act in question is given the interpretation for which appellee contends, what would prevent the board from refusing to continue a hearing, at the request of the person charged, regardless of his inability for any reason to be present?

To infer that it was the intent of the legislature in the Teachers' Tenure Act of 1937 to provide that no postponement, continuance, or adjournment of a hearing may be made by the board without the consent of the person charged notwithstanding the necessity for such action would be neither logical nor reasonable. Moreover, appellee's interpretation of the provision relative to adjournment would not be consistent with the provision of the act requiring determination of the charges by two-thirds of all the members of the board. Section 1205 (d) and (f), of the Act of April 6, 1937, P. L. 213, amending the School Code. However, appellee says that the only manner in which effect can be given to all the provisions [2] of the Teachers' Tenure Act of 1937, and make the entire statute effective and certain,[3] is to hold that there can be no adjournment or postponement of a hearing except with the agreement of the person charged. Such an argument pursued to its logical conclusion would prevent the dismissal of a professional employee, no matter how well founded the charges were, in the event more than one-third of the board were prevented from attending a hearing, due to illness or

---

[2] Statutory Construction Act of May 28, 1937, P. L. 1019, art. 4, § 51, 46 PS § 551.

[3] Statutory Construction Act of May 28, 1937, P. L. 1019, art. 4, § 52 (2), 46 PS § 552 (2).

other proper cause. If between the time a board fixed the date of a hearing on charges preferred against a professional employee and the actual hearing, or in the interval between sessions, circumstances arose which prevented the attendance of the board members then proceedings would terminate, the same charges could not again be preferred, and the accused employee would be indefinitely retained. Regardless of the result produced by the arbitrary refusal of a person charged to agree, it is argued on behalf of appellee that the provision is mandatory.

Certainly this provision was never intended by the legislature to give opportunity to a professional employee to prevent a full hearing of the charges against him, and thus assure his own retention. Seldom can extensive charges be disposed of at one session. Its purpose is obviously and properly to prevent unwarranted delay in the disposition of charges made, and to assure him the opportunity to be heard, either in person or by counsel, or both, before the board, but not by arbitrary action on the part of the one charged to circumvent a warranted dismissal.

We find an analogy in equity trials. Rule 64 of Rules of Equity Practice of 1925, as amended, states that when a trial is entered upon the judge or referee shall sit continuously, but it may be interrupted or postponed for a good cause shown, and the additional costs incurred by such adjournment directed to be paid by the party who caused the adjournment.

A conclusion that the adjournment of the session fixed for March 3, 1938, on account of a board member's illness, ipso facto, invalidated the proceedings and required dismissal of the charges against appellee could only follow from a false premise and a specious argument. We cannot assume that the legislature intended such a result, and accept a contention, in effect, that all objectives of the act are to be rendered subordinate

to an arbitrary attitude which may be taken by one against whom charges are pending.

It is significant that even in a murder case "the general rule is that a juror incapacitated by illness or insanity from performing his duty, either before or after the jury has retired, constitutes a necessity justifying their discharge and will not amount to an acquittal of the defendant: 16 Corpus Juris 252, and cases cited": *Commonwealth v. Davis,* 266 Pa. 245, at page 247, 110 A. 85, at page 86.

Appellee states in his brief that this case involves an indefinite adjournment which continued for over six months. To this suggestion the record gives an answer. On March 8, 1938, five days after the adjournment on March 3, 1938, appellee filed his bill in equity to restrain the board from going on with the hearing on the charges against him. This remained until discontinued by appellee on May 10, 1938. On May 9, 1938, one of the members resigned. On April 22, 1938, the member who was ill on March 3, 1938, died. After May 9, 1938, only four members were available to act, a number less than the statutory requirement.

It is true that the Teachers' Tenure Act of 1937 places emphatic limitations on the removal of professional employees of school districts, but it is not to be construed so as to constitute merely an obstruction to the consideration of charges and the removal of professional employees for proper cause. The act discloses no such legislative intent. The argument which has been presented in support of appellee's contention that the provision in question is mandatory is not convincing, and we think that appellee's position is untenable. See *Pearlman v. Newburger et al.,* 117 Pa. Superior Ct. 328, 338, 178 A. 402.

The board on September 15, 1938, discontinued the proceedings begun on February 15, 1938. It is to be noted that appellee himself prevented further hearing after March 8, 1938; his equity proceedings held up

any further action on the pending charges after an interval of five days following the adjournment on March third. Appellee nevertheless contends that the board had no alternative except to "dismiss the complaint." It is provided by section 1205 (f) of the School Code, as amended by section 2 of the Act of April 6, 1937, P. L. 213, that after fully hearing the charges or complaints, and after giving full, impartial, and unbiased consideration thereto, the board shall determine whether or not such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and in accordance with such determination shall discharge, demote, or refuse to reelect or retain such professional employee or shall dismiss the complaint. Prior to a full hearing the board has no authority to dismiss the complaint. Although the Teachers' Tenure Act of 1937 does not prohibit the withdrawal of charges and the discontinuance of the proceedings thereon, the court below held, in effect, that this could not be done, and the same, or substantially the same, charges again presented. The proceedings here were discontinued because there was no way whereby the charges could be legally heard after the institution of appellee's equity action on March 8, 1938. If the same, or substantially the same, charges could not again be made and considered, it becomes apparent that appellee, no matter how serious the charges or how conclusive the available proof, must necessarily be retained indefinitely; the removal of a professional employee for what may be a proper cause is rendered impossible, and the basic purpose of the act defeated. The court below said: "Suffice it to say that no other inference can be drawn but that the members of the School Board acted in good faith and, if the testimony educed at the hearings is true, they were justified in hearing the charges against appellant [appellee herein]."

After the vacancies on the board were filled further

hearing on the original charges could not be held, as only four members of the board were qualified to proceed; and the board then had no power to dismiss the complaint. There is no finding that appellee was prejudiced in any way by the adjournment of the hearing on March 3, 1938, or the subsequent discontinuance of the proceedings which were based upon the original charges. In the absence of any finding to the contrary we must presume that the charges were withdrawn and the proceedings discontinued in a regular manner and for proper reasons. We find no legal bar on the facts found (without passing on the propriety or relevancy of such findings on a hearing de novo) to a discontinuance of the proceedings which had their inception on February 15, 1938, followed by a partial hearing on the charges on February 28, 1938. Appellee having suffered no detriment by reason of the discontinuance and the institution of new proceedings on charges again filed with the completed board, such action was not in violation of the statute, and appellee was not deprived of any right secured to him thereby.

The order of the court below is reversed, and the record is remitted for further proceedings and disposition on the merits. Costs are to be paid by appellee.