## Insurance Company Rates

UMSTED, Deputy Attorney General, December 22, 1950.—You have requested this department to interpret certain sections of The Casualty and Surety Rate Regulatory Act of June 11, 1947, P. L. 538, 40 PS §§1181 et seq., and The Fire Marine and Inland Marine Rate Regulatory Act of June 11, 1947, P. L. 551, 40 PS §§1221 et seq. Specifically you pose the following questions:

1. Does a rate filing made under section 4(a) become effective at the end of the waiting period of 30 or 60 days under section 4(d), or is the effectiveness of the filing stayed until after a hearing and decision by the commissioner?

(a) If the commissioner under section 5(a), prior to the expiration of the waiting period, issues a notice

of hearing to be held on a date subsequent to the waiting period expiration date?

(b)  If a rate filing be made by a rating organization after an appeal has been made to the commissioner under section 8 by a member or subscriber to such rating organization from the action or decision of that organization approving a change in or addition to a filing of such organization, such change being the subject of the new rate filing and also of the appeal, and the commissioner issues a notice of a hearing to be held on the appeal on a date subsequent to the waiting period expiration date on the rate filing?

2.  If a deviation filing be made under section 7, may the Insurance Commissioner under section 4($d$) extend the waiting period beyond the original 30 days?

Except as they apply respectively to casualty insurance and to fire and marine insurance, sections 4, 5, 7 and 8 of the two acts are similar in phraseology. We, therefore, need only consider these sections as they appear in The Casualty and Surety Rate Regulatory Act of June 11, 1947, P. L. 538 (herein referred to as the Rating Law). Sections 4 and 5, 40 PS §§1184 and 1185, read as follows:

"Section 4.  Rate filings.

"($a$)  Every insurer shall file with the Commissioner every manual of classifications, rules and rates, every rating plan and every modification of any of the foregoing which it proposes to use. Every such filing shall state the proposed effective date thereof, and shall indicate the character and extent of the coverage contemplated. When a filing is not accompanied by the information upon which the insurer supports such filing, and the commissioner does not have sufficient information to determine whether such filing meets the requirements of the Act, he may require such insurer to furnish the information upon which it supports such filing. Any filing may be supported by (1) the experi-

ence or judgment of the insurer or rating organization making the filing, (2) the experience of other insurers or rating organizations, or (3) any other factors which the insurer or rating organization deems relevant. A filing and any supporting information shall be open to public inspection after the filing becomes effective.

"(b) An insurer may satisfy its obligations to make such filings by becoming a member of, or a subscriber to, a licensed rating organization which makes such filings and by authorizing the Commissioner to accept such filings on its behalf; Provided, That nothing contained in this Act shall be construed as requiring any insurer to become a member of or a subscriber to any rating organization.

"(c) The Commissioner shall review such of the filings as it may be necessary to review in order to carry out the purposes of this Act.

"(d) Subject to the exception specified in subsection (e) of this section, each filing shall be on file for a waiting period of thirty (30) days before it becomes effective, which period may be extended by the Commissioner for an additional period not to exceed thirty (30) days upon written notice within such waiting period to the insurer or rating organization which made the filing. Upon written application by such insurer or rating organization, the Commission may authorize a filing of a part thereof which he has reviewed to become effective before the expiration of the waiting period or any extension thereof. A filing shall be deemed to meet the requirements of this Act and to become effective unless disapproved, as hereinafter provided, by the Commissioner within the waiting period or any extension thereof.

"(e) Any filing with respect to a surety or guaranty bond required by law or by court or executive order or by order, rule or regulation of a public body, not covered by a previous filing, or any filing with respect

to a contract or a policy covering any risk or kind or insurance or subdivision thereof for which classification rates do not generally exist in the industry, or which by reason of rarity or peculiar characteristics does not lend itself to normal classification or rating procedure, shall become effective when filed and shall be deemed to meet the requirements of this Act.

"(*f*) Under such rules and regulations as he shall adopt the Commissioner may, by written order, suspend or modify the requirement of filing as to any kind of insurance, subdivision or combination thereof, or as to classes of risks, the rates for which cannot practicably be filed before they are used. Such orders, rules and regulations shall be made known to insurers and rating organizations affected thereby. The Commissioner may make such examination as he may deem advisable to ascertain whether any rates affected by such order meet the standards set forth in subsection (*d*) of section three.

"(*g*) Upon the written consent of the insured stating his reasons therefor, filed with and approved by the Commissioner, a rate in excess of that provided by a filing otherwise applicable may be used on any specific risk. The rate shall become effective when such consent is filed and shall be deemed to meet the requirements of this Act until such time as the Commissioner reviews the filing and so long thereafter as the filing remains in effect.

"(*h*) Beginning ninety (90) days after the effective date of this Act no insurer shall make or issue a contract or policy except in accordance with filings or rates which are in effect for said insurer as provided in this Act or in accordance with subsections (*f*) or (*g*) of this section."

"Section 5. Disapproval of filings.

"(*a*) Upon the review at any time by the Commissioner of a filing he shall, before issuing an order of

disapproval, hold a hearing upon not less than ten (10) days written notice, specifying the matters to be considered at such hearing, to every insurer and rating organization which made such filing, and if, after such hearing, he finds that such filing or a part thereof does not meet the requirements of this Act he shall issue an order specifying in what respects he finds that it so fails, and stating when, within a reasonable period thereafter, such filing or a part thereof shall be deemed no longer effective if the filing or a part thereof has become effective under the provisions of section four: Provided, however, That an insurer or rating organization shall have the right at any time to withdraw a filing or a part thereof, subject to the provisions of section seven in the case of a deviation filing. Copies of said order shall be sent to every such insurer and rating organization. Said order shall not affect any contract or policy made or issued prior to the expiration of the period set forth in said order.

"(*b*) Any person or organization aggrieved with respect to any filing which is in effect may make written application to the Commissioner for a hearing hereon: Provided, however, That the insurer or rating organization that made the filing shall not be authorized to proceed under this subsection. Such application shall specify the grounds to be relied upon by the applicant. If the Commissioner shall find that the application is made in good faith, that the applicant would be so aggrieved if his grounds are established, and that such grounds otherwise justify holding such a hearing, he shall, within thirty (30) days after receipt of such application, hold a hearing upon not less than ten (10) days written notice to the applicant and to every insurer and rating organization which made such filing.

"If, after such hearing, the Commissioner finds that the filing or a part thereof does not meet the requirements of this Act, he shall issue an order specifying in

what respects he finds that such filing or a part thereof fails to meet the requirements of this Act, and stating when, within a reasonable period thereafter, such filing or a part thereof shall be deemed no longer effective. Copies of said order shall be sent to the applicant and to every such insurer and rating organization. Said order shall not affect any contract or policy made or issued prior to the expiration of the period set forth in said order.

"(c) No filing nor any modification thereof shall be disapproved if the rates in connection therewith meet the requirements of this Act."

Under the provisions of section 4(d) of the Rating Law rate filings are to be on file for a waiting period of 30 days before becoming effective. This period may be extended by the commissioner for an additional period not exceeding 30 days, provided that written notice of such extension shall be given by the commissioner within the original 30-day waiting period. The commissioner, upon written application, may authorize a filing to become effective prior to the termination of a waiting period; and the rate filing, if not formally disapproved, becomes automatically effective at the expiration of the waiting period in accordance with the final sentence of section 4(d), which specifically provides that:

". . . A filing shall be deemed to meet the requirements of this Act and to become effective *unless disapproved,* as hereinafter provided, by the Commissioner *within the waiting period or any extension thereof.*" (Italics supplied.)

Section 5 of the Rating Law designates the procedure for disapproval of filings, as referred to in the portion of section 4(d) quoted above, and provides that before the commissioner issues an order of disapproval he shall hold a hearing upon not less than 10 days' notice, and if, after hearing, he finds that the filing does not

meet the requirements of the act, he shall issue an order specifying the deficiencies of the filing and ". . . when, within a reasonable period thereafter, such filing . . . shall be deemed no longer effective if the filing . . . has become effective under the provisions of section four: . . ."

These provisions stand in sharp contrast with the comparable provisions of the model fire and casualty rate regulatory bills prepared by the National All-Industry Committee in collaboration with a committee of the National Association of Insurance Commissioners, under the provisions of which rate filings *prior* to effectiveness could be disapproved by an Insurance Commissioner without the necessity of a formal hearing, and *subsequent* to effectiveness, could be disapproved only following a formal hearing. This concept was rejected by the Pennsylvania Insurance Industry Conference Committee, which, under date of February 7, 1947, promulgated its "Memorandum for the Insurance Committees of the Pennsylvania General Assembly," together with its own proposed rate regulatory bills, which served as the bases for the presently enacted Rating Laws here under discussion.

The following quotations from the memorandum will serve to demonstrate this point:

"In the opinion of the Pennsylvania Industry Conference Committee, the Model Bills are at variance with these premises in that they are not adapted to the facts of Pennsylvania experience, and in that they provide a higher degree of regulation than is consistent with the interest of the insuring public of this Commonwealth. . . .

". . . Moreover, it is not necessary in order to provide regulation fulfilling the standard called for by Public Law 15 that a duty to formally analyze every filing be placed on the supervisory official. It is sufficient to confer on the commissioner the power to dis-

approve as provided in Section 5, coupled with the duty to enforce and carry out the provisions of the Act as provided in Section 13, subsection (d), and in Section 4, subsection (c).

"In subsection (d) the changes are directly connected with those in Section 5 and, therefore, are discussed below under the heading of the latter Section. . . .

"The greater duty of care and formality imposed upon the commissioner in regard to disapproving filings explains the longer period provided in Section 4, subsection (d), before they become effective. In that subsection the original waiting period and its extension are each increased from fifteen days to thirty days. . . .

"In Section 7, the revision made by the committee was felt to be necessary to be consistent with the revised provisions of Section 4, subsection (d), and of Section 5. No other filing requires a hearing as a condition to its effectiveness, and there did not appear to be any reason why a deviation filing should be an exception to this rule."

We are obliged to conclude, in view of the unmistakable language of the final sentence of section 4(d), coupled with the antecedent history of the enactment, that rate filings made pursuant to section 4 of the Rating Law (unless sooner and formally disapproved) become automatically effective at the expiration of the statutory waiting period: Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551.

You have pointed to the case of Morrison v. Unemployment Compensation Board of Review, 141 Pa. Superior Ct. 256, 258 (1940), where the court held:

"On the question of procedure, we are of opinion that the provision in the Unemployment Compensation Law (Act of December 5, 1936, P. L. of 1937, p. 2897), that

the board shall hear appeals by employees engaged in the administration of the act from dismissal, suspension or furlough and render a final decision in not more than thirty days after the date of such appeals, (sec. 208 (*p*)), is directory and not mandatory, and that the action of the board in not entering its final decision on the appeal taken October 5, 1939, and heard on October 24, 1939, until November 15, 1939 did not require the reinstatement of the employee to the position from which he had been rightfully dismissed: Pearlman v. Newburger, 117 Pa. Superior Ct. 328, 337-8, 178 A. 402; Com. ex rel. Fortney v. Wozney, 326 Pa. 494, 497, 192 A. 648; Coolbaugh v. Herman, 221 Pa. 496, 70 A. 830; Swick v. School Dist. of Tarentum, 141 Pa. Superior Ct. 246, 14 A. 2d 898. It will be noted that the decision of the board was rendered within thirty days after the hearing on the appeal."

You indicate that this case might stand as authority for the proposition that the effectiveness of a rate could be postponed beyond the statutory waiting period where notice of hearing was given prior to the expiration date, but hearing is not held until after the expiration date of the statutory waiting period.

We do not so construe the Morrison Case. For in citing it, the Supreme Court in Griffith Will, 358 Pa. 474, 482 (1948) said:

". . . A decree and judgment will not be set aside merely for a violation of a *directory* statutory provision."

This is far different from the proposition that *mandatory* language of a statute can be ignored in the administration of that law. For we think the phraseology in the final sentence of section 4 (*d*) unequivocally requires that *unless* the commissioner's order of disapproval be issued prior to the expiration of the waiting period, the *filing shall* be deemed to meet the requirements of the act and to *become effective*.

This conclusion is further supported by a consideration of section 5(a) which provides that upon the issuance of an order of disapproval, the commissioner shall state ". . . when, within a reasonable period thereafter, such filing . . . shall be deemed no longer effective if the filing . . . has become effective under the provisions of section four: . . ." This is a recognition of the legislative intent that filings may become automatically effective upon the expiration of the waiting period and that if the order of disapproval is issued subsequent to such automatic effective date, a date for *future* noneffectiveness must be designated.

A contrast is presented between the model bills and the Rate Regulatory Acts themselves enacted substantially in the form proposed by the Pennsylvania All-Industry Conference Committee. The model bills provided for a 15-day waiting period and a permissible 15-day extension. The Pennsylvania All-Industry Conference Committee Bills and the Rating Laws provided for a 30-day waiting period and a permissible 30-day extension. This change was a deliberate one for the purpose of giving the commissioner a greater period of time within which to disapprove filings before effectiveness. If the issuance of a call for a hearing had been intended to operate as a stay of effectiveness, the Pennsylvania All-Industry Conference would not have felt impelled to increase the waiting period for the purpose of granting additional time for revision, and possible disapproval, prior to the effectiveness of a filing.

In addition, where a supersedeas or stay is to operate, there must be a clear manifestation of such legislative intent. This we do not find here. For only in section 16 of the Rating Law do we find any reference to the concept of suspension or postponement of any effective date. But there, by its very language, such concept is explicitly related only to the action of the

commissioner. The absence of a comparable provision relating to rate filings makes it clear that their effectiveness cannot be stayed except in accordance with the precise language of section 4(d).

What we have heretofore said concerning the mandatory provisions of the last sentence of section 4(d) is equally applicable where there has been an appeal by a member or subscriber to a rating organization taken under the provisions of section 8. If the rating organization has filed rates which are the subject of an appeal, those rates will "become effective unless disapproved by the Commissioner within the waiting period or any extension thereof".

Deviation filings are made under the authority of section 7 of the Rating Law, which reads as follows:

"Section 7. Deviations.

"Every member of, or subscriber to, a rating organization shall adhere to the filings made on its behalf by such organization except that any such insurer may file with the Commissioner a uniform percentage decrease or increase to be applied to the premiums produced by the rating system so filed for a kind of insurance, or for a class of insurance which is found by the Commissioner to be a proper rating unit for the application of such uniform percentage decrease or increase, or for a subdivision of a kind of insurance (1) comprised of a group of manual classifications which is treated as a separate unit for rate making purposes, or (2) for which separate expense provisions are included in the filings of the rating organization. Such deviation filing shall specify the basis for the modification and shall be accompanied by the data upon which the applicant relies. A copy of the filing and data shall be sent simultaneously to such rating organization. Any such deviation filing *shall be on file for a waiting period of thirty (30) days before it becomes effective,* unless the Commissioner reviews and author-

izes the filing to become effective before the expiration of such period, *and shall be subject to the provisions of section five.* Each deviation shall be effective for a period of not less than one (1) year from the date such deviation is filed unless terminated sooner with the approval of the Commissioner or in accordance with the provisions of section five." (Italics supplied.)

The italicized portion of section 7 represents a change from the philosophy of the model bill, which provided for approval after hearing as a condition to effectiveness. The change was apparently made to conform with the underlying principle of automatic effectiveness. And although the waiting period prescribed for filings under section 4 may be extended for an additional period or periods not exceeding a second 30 days, there is no such provision for extension in section 7. Consequently, we must conclude that deviation filings under section 7 became effective automatically unless disapproved by the commissioner within 30 days. There is no express or implied authority in this law which would permit the Insurance Commissioner, in the case of deviation filings, to extend the waiting period of 30 days. To the contrary, the permission to extend the waiting period, provided for in section 4 of the Rating Law, indicates a clear legislative intent that such right is denied him under section 7.

We are of the opinion and you are accordingly advised that:

1. Rate filings under sections 4 of the Acts of June 11, 1947, P. L. 538, 40 PS §1184, and June 11, 1947, P. L. 551, 40 PS §1224, became automatically effective at the expiration of 30 days after their filing or at the expiration of 60 days after their filing, if there has been a maximum extension of the waiting period, unless they have been previously disapproved by the commissioner after a hearing as provided for in sec-

tions 5, or, of course, unless made effective before the expiration of the waiting period or any extension thereof by express authorization of the Insurance Commissioner pursuant to subsections (d).

(a) The calling of a hearing under sections 5 of either of those acts will not extend the waiting period beyond the expiration date fixed in sections 4(d).

(b) Appeals under sections 8 of those acts will not effect an extension of the waiting periods prescribed in sections 4(d), with regard to rate filings, or sections 7, with regard to deviations.

2. In the case of deviation filings under sections 7 of those acts, there is no authority for the Insurance Commissioner to extend the waiting period beyond the 30 days therein prescribed, and deviation filings will become effective, unless disapproved by the commissioner, within 30 days from the date on which they are filed.