Snyder *v.* Washington Township School District, Appellant.

Argued December 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Ralph M. Bashore,* for appellant.

*J. F. Mahoney,* and with him *T. C. Condron,* for appellee.

Opinion by Cunningham, J., April 15, 1935:

On January 28, 1931, the directors of the defendant school district dismissed the plaintiff, Laura J. Snyder, from her employment as the teacher of its school at Rock, Pa., and placed another employee in charge thereof. She had been employed by them, under a written contract, to teach that school for a term of eight months, beginning September 8, 1930, and at a compensation of $800, payable monthly during the school term.

Alleging that her dismissal was illegal, plaintiff brought suit for the balance of wages she would have received from the date of her discharge to the end of the term. It was conceded at the trial that if she is entitled to recover, the amount due her is $340, with interest.

The defense interposed was that plaintiff had been dismissed for incompetency and negligence, in accordance with the authority conferred, and under the procedure prescribed, by section 1208 of the School Code of May 18, 1911, P. L. 309, 373, 24 PS. §1127. At the trial she recovered a verdict for the amount of her claim; defendant's motions for a new trial and for judgment in its favor, n. o. v., were overruled and it has appealed from the judgment entered upon the verdict.

We are convinced by an examination of the record that the directors followed neither the letter nor the spirit of the section of the code upon which they rely, and we agree with the statement of the learned trial judge, HICKS, P. J., that he would have been justified in affirming plaintiff's point for binding instructions. The applicable portion of the section reads: "Any ....... teacher ...... may be dismissed, at any time, by the board of school directors, on account of immorality, incompetency, intemperance, cruelty, negligence, or for the violation of any of the provisions of this act: Provided That before any ...... teacher is dismissed he shall be given an opportunity to be heard, after reasonable notice in writing of the charges made against him."

It is well established that the dismissal of a teacher for incompetency, if regularly made and properly entered upon the minutes, is a good defense against an action for salary, unless the board be shown to have acted corruptly or in bad faith, or to have clearly abused its powers: McCrea v. Pine Township School District, 145 Pa. 550, 22 A. 1040; Toye v. Exeter Boro. School District, 225 Pa. 236, 74 A. 60. But it is equally clear that if plaintiff was not accorded every right secured to her by the code, her dismissal was illegal and she is entitled to recover her salary for the remainder of the term.

The proceedings with which we are now concerned began on November 24, 1930. In the minutes of a special meeting of the board on that date it is recorded that a resolution was adopted, in which it was recited that many complaints had been made to the board of the incompetency and negligence of plaintiff, and by which it was resolved that the secretary notify her to appear before the board on December 8, 1930, to show cause why she should not be dismissed. The board also incorporated in the minutes of this meeting six charges against plaintiff. They need not be quoted at length as they are all to the effect that she failed to maintain proper discipline in her school and was generally "incompetent and negligent." That reasonable notice in writing of these charges was given plaintiff, and that she was afforded an opportunity to be heard thereon, is not questioned. The minutes of the meeting on December 8, 1930, show that a full hearing was accorded the complainants and plaintiff, and that the following action was taken by the board:

"After hearing the testimony of the witnesses and the defense of Miss Laura Snyder of the charges laid against her, that the discipline in her school is not good, and that she has failed in the proper instruction of the pupils, that this be called to the attention of Miss Snyder and that she be given an opportunity to correct this condition, and be permitted to teach on condition that the school discipline be maintained, and proper instructions in school work be given to the children, and unless she does so, action to dismiss her will be taken upon the evidence submitted at the hearing this date."

The most that can be said of the action of the board at this meeting is that plaintiff was placed upon probation with the warning that if she failed to correct the conditions which were unsatisfactory to the board she would be dismissed. Clearly, the question whether plaintiff could and would remedy the lack of discipline

indicated at the hearing was left open. The anomalous feature of the resolution was that her retention or dismissal was not to depend upon further hearings but would be determined "upon the evidence" then before the board.

The next action was on January 22, 1931, when a special meeting was called "to take action for the dismissal" of plaintiff. The minutes of the meeting upon that date show a direction that the secretary "notify Laura J. Snyder to appear before the ...... board ...... on Wednesday, January 28, 1931, to take action to dismiss Miss Laura J. Snyder for not complying with conditions, promises made December 8, 1930, violations of the school code, and failure to give satisfaction to the patrons of said school."

A new set of charges was prepared for action by the board on January 28th. Those considered at the meeting on December 8, 1930, were six in number; to them were added four additional specifications in which it was charged that plaintiff failed to teach the number of school hours required by the code, permitted scholars to misbehave during school hours and failed to take proper care of the books, pencils, ink, etc., belonging to the school district. No notice was given plaintiff of the meeting fixed for January 28th until January 26th.

Beyond question, the matters to be considered and disposed of at the meeting were whether plaintiff had corrected the unsatisfactory conditions and the foundation for the additional charges against her. Upon each she was entitled to be heard. The only attempt made to comply with the provision of the code relative to notice of the charges to be considered was that the secretary of the board called upon plaintiff two days before the time fixed for the meeting, told her to appear, and handed her for inspection a paper, dated January 23, 1931, and containing this notice:

"At a special meeting held January 22, 1931, the Board of School Directors of Washington Township notified the secretary of said Board of Directors to notify Miss Laura J. Snyder, teacher of Rock Grammar School, to attend a special meeting of the Board of School Directors to be held Wednesday, January 28th, 1931, at 7:30 P. M. in the Lodge Hall where the meeting was held on December 8, 1930. To take action to dismiss said Laura J. Snyder for not complying with conditions and promises made December 8 and violations of the school code, and failure to give satisfaction to the patrons of said school."

No copy of this notice or of the additional charges was left with her. When the board met on January 28th, plaintiff appeared but was not afforded any opportunity to be heard, either upon the question whether the discipline of her school had been improved, or upon the additional charges. The minutes of that meeting show that, without a hearing of any kind, a motion was adopted that the Board "will accept the resignation of [plaintiff], providing she wants to resign, and if not she will be dismissed as teacher of Rock Grammar School on the following charges." Then follow ten specifications, including the additional charges to which we have referred. Plaintiff, having declined to resign, was thereupon dismissed.

We think it clear from this recital that plaintiff was dismissed without having been "given an opportunity to be heard" upon the additional charges or upon the question whether she had complied with the conditions imposed at the meeting of December 8, 1930, — "that the school discipline be maintained and proper instructions in school work be given to the children."

At the trial the court below submitted to the jury the question whether the notification to plaintiff two days before the night of the meeting at which she was

dismissed "was a reasonable notice ...... [and] gave her a reasonable opportunity to prepare herself to engage in a hearing upon whether she had made good upon the matters complained of at the board meeting of December 8th." It is argued, in behalf of the Board, that the facts, and the inferences therefrom, were so clear that the question as to what would be a reasonable time was one of law for the court and should not have been submitted to the jury. This statement of the rule is found in Tinius Olsen Test. Mch. Co. v. Wolf Co., 297 Pa. 153, 157, 146 A. 541; "The rule, therefore, may be thus laid down: What is a reasonable time is a question of fact for the jury; but where the facts are undisputed, and but one inference can be drawn therefrom as to reasonableness, the question becomes one for the court. The matter is by no means one which a judge is required to decide in each instance, but only in the limiting cases as indicated."

In view of the other features of this case to which we have referred, it is not necessary to consider whether the question of what would be a reasonable length of notice was for the court or for the jury. The difficulty here is with the notice itself. It was not a "notice in writing of the charges" upon which the board proposed to and did act at the meeting. The code evidently contemplates that the teacher whose dismissal is under consideration shall be given a copy of the charges and not merely permitted to read a general notice such as was shown the plaintiff in this case. Under her contract, and the circumstances here present, plaintiff was entitled to receive her full salary for the term, unless dismissed in the manner prescribed by the code. As the provisions of the statute intended for her protection were not observed by the board she was not legally discharged.

Judgment affirmed.