## Swink's Case.

108

Argued April 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*C. W. Martin,* with him *Harold C. Marshall,* for appellant.

*Samuel J. Feigus,* with him *Harry W. Byrne* and *Fred L. Brothers,* for appellee.

OPINION BY RHODES, J., June 29, 1938:

Appellant has appealed from the affirmance of the action of the board of school directors of the school district of Upper Tyrone Township, Fayette County, in discharging her as a professional employee of that school district. Appellant had been employed as a teacher in the school district for approximately ten years, and was so employed under a contract on April 6, 1937, when the Act of the General Assembly of that date, P. L. 213 (24 PS §§1121 and note, 1126, 1161, 1201, 1202) became effective. Pursuant to the provisions of the Act of April 6, 1937, P. L. 213, on July 6, 1937, appellant and the board of school directors entered into a new contract. In August of that year appellant presented to the board a request for leave of absence until December 1, 1937. A doctor's certificate as to her physical condition accompanied the request. On May 18, 1937, appellant was married, and on October 20, 1937, gave birth to a child. On November 26, 1937, appellant received, by registered mail, from the board, a written notice dated November 23, 1937, informing her that, at a meeting on November 22, 1937, a resolution had been adopted dismissing her, as a professional employee of the school district, for immorality. On the same day appellant also received from the board, by registered mail, a written notice dated November 23, 1937, signed by the president and secretary of the board, to the effect that a hearing had been granted her to be held on December 6, 1937, at the time and place therein stated, to show cause why she should continue to hold her teaching position under the Act of Assembly. Within ten days thereafter appellant requested a hearing as required by this notice. At the appointed time appellant and her counsel met with the board. On December 11th appellant was served with a written notice that the board, in its regular meeting of December 6, 1937, had upheld the

charge of immorality as brought against appellant, and that the following statement was adopted by the board after the hearing: "After hearing Mrs. Gertrude Swink on showing cause why she should continue to hold her teaching position in Upper Tyrone Township, Fayette County, Pennsylvania, we, the Board of School Directors of Upper Tyrone Township, Fayette County, Pennsylvania, do hereby decide that Mrs. Gertrude Swink is discharged from service in said township because of immorality." This notice, signed by the president and secretary of the board, further stated that "the vote was by four-fifths majority of the board." In accordance with section 1205(j) of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, section 26, and as further amended by the Act of April 6, 1937, P. L. 213, §2 (24 PS §1126(j)), she took an appeal by petition to the court of common pleas. In this petition she set forth the grounds for the appeal, and requested a hearing de novo. On December 31, 1937, upon presentation of the petition, the court fixed the time for hearing. On January 8, 1938, appellant moved to amend her petition by striking out the words "de novo," and the amendment was allowed by the court. When the matter came on for hearing, the facts were agreed upon by the parties, and the matter was proceeded with by the court below on the basis of those facts. The agreed facts, submitted for the judgment of the court, constituted a hearing de novo as fully and effectually as if testimony had been taken on the issue involved. The action of the court below was confined thereto and based thereon. A transcript of the board's proceedings was not incorporated in the agreed facts. The proceedings before the court of common pleas cannot be construed in any other light than as a hearing de novo notwithstanding appellant's waiver of such hearing. If appellant's dismissal is to be sustained, a compliance with the pro-

visions of the Act of April 6, 1937, P. L. 213, by the board of school directors must be found in the agreed facts. From the order of the court of February 8, 1938, which was to the effect that, after hearing and due consideration of the appeal from the action of the board of school directors, the action of the board in discharging appellant as a professional employee of the school district was affirmed and she was discharged, an appeal was taken to this court.

The agreed facts described appellant's conduct, prior to her marriage on May 18, 1937, in some detail, and left no room for doubt that the act of appellant, which was the subject of complaint, was immoral. Nevertheless, the procedure for the dismissal of a professional employee of a school district is established by statute. There may be no material deviation from these procedural requirements. The action of the board was an attempted dismissal of appellant. The agreed facts admitted the hiring of appellant as a teacher or professional employee of the school district, and the execution of a valid contract subsisting at the time of appellant's discharge. The burden was on the board to show a proper dismissal of appellant; and she was entitled to the benefit of every right secured to her by the School Code, Act of 1911, as amended (24 PS §1 et seq.). Unless she was dismissed in the prescribed manner, having been accorded every right secured to her by statute, her dismissal was illegal. See *Snyder v. Washington Township School District,* 117 Pa. Superior Ct. 448, 178 A. 312; *Gerlach v. School District of Little Beaver Township et al.,* 119 Pa. Superior Ct. 520, 180 A. 756.

An examination of the record discloses fatal defects requiring reversal of the order of the court below. By section 1205 of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L.

243, §26, and as further amended by the Act of April 6, 1937, P. L. 213, §2, 24 PS §1126, it is provided:

"(d) Before any professional employee is dismissed ...... the secretary of the school district shall furnish such professional employee with a detailed written statement of the charges upon which his or her dismissal ...... is based, together with a written notice signed by the president and attested by the secretary of the Board of School Directors of a time and place when and where such professional employee will be given an opportunity to be heard either in person or by counsel, or both, before the Board of School Directors. ......

"(f) After fully hearing the charges or complaints and hearing all witnesses produced by the board and the person against whom the charges are pending, and after full, impartial and unbiased consideration thereof, the Board of School Directors ...... shall by a two-thirds vote of all the members thereof, to be recorded by roll call, determine whether or not such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and in accordance with such determination shall discharge ...... such professional employee or shall dismiss the complaint. ......

"(h) A written notice of any decision of the Board of School Directors ...... discharging ...... a professional employee, shall be sent by registered mail to such professional employee at his or her last known address within ten (10) days after such hearing is actually concluded."

The record fails to show that the board complied with the requirements of this section of the act. The board notified appellant, on November 23, 1937, that by action of the board on November 22d, she had been dismissed, and simultaneously gave her notice that an opportunity had been granted to her to meet with the board and "show cause why [she] should continue to

hold [her] teaching position under this Act." This action was plainly contrary to the provisions of the statute, which requires that a detailed written statement of the charges, and written notice of the time and place of hearing, shall be given by the board to the professional employee before such employee is dismissed by the board. Clearly, what the board did here was to reverse the prescribed procedure, the observance of which is not a matter of discretion. No statutory support for the board's action can be found. Appellant was not obliged to prove her innocence or show cause why she should not be dismissed. The notice of November 23, 1937, as to a hearing, and the notice of December 11, 1937, as to the action of the board at its meeting on December 6, 1937, would indicate that the board proceeded on such erroneous assumptions, or, at least, failed to comprehend appellant's rights and the board's limitations under the Act of April 6, 1937, P. L. 213, which amends the Act of May 18, 1911, P. L. 309, and its supplements. As a result of such noncompliance with the provisions of the statute, the board's action in dismissing appellant was illegal. Such conclusion is both proper and reasonable. The purpose of the Act of April 6, 1937, P. L. 213, "is to preserve the system of employment in the educational field free from any interference, and by that action it takes away the heretofore discretionary power of school boards to oust employees without cause. ...... The Teachers' Tenure Act was designed to secure to the citizens of Pennsylvania a competent and efficient school system by preventing dismissal of capable teachers without just cause": *Teachers' Tenure Act Cases,* 329 Pa. 213, at pages 222, 231, 197 A. 344, at pages 351, 355. Likewise, it may be said that the purpose of the procedure prescribed by the act for the dismissal of a teacher or professional employee is to prevent arbitrary action by the board, to afford a fair hearing to the teacher or

professional employee before dismissal, and to provide for full, impartial, and unbiased consideration by the board of the testimony produced.

A further non-compliance with the provisions of section 1205 (24 PS §1126) makes the action of the board, in dismissing appellant, untenable. Section 403 of the School Code, Act of 1911 (24 PS §334), provides that the affirmative vote of the majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action, inter alia, on appointing teachers, and on dismissing teachers, or dismissing a teacher after a hearing. We have held that this provision is mandatory, and must be complied with to constitute a valid appointment of teachers by a board of school directors, and that the minutes must show on their face, in express words or by necessary implication, the names of the directors who voted in favor of the appointment, and that they constituted a majority of the entire board. *Potts v. Penn Township School District,* 127 Pa. Superior Ct. 173, 193 A. 290; *Hawkins' Petition,* 129 Pa. Superior Ct. 453, 195 A. 761. Section 1205 (f) (24 PS §1126(f)) now provides that a two-thirds vote of all the members of the board of school directors, to be recorded by roll call, shall be required to discharge a teacher or any other professional employee after hearing. "To be recorded by roll call" means that the minutes of the board must show how each member voted. What we have said relative to the action of a board in appointing teachers as provided by section 403 is equally applicable to section 1205(f). The statement of agreed facts makes no reference to the minutes of the meetings of the board, and shows no compliance with this provision of section 1205(f).

Our appellate courts have frequently held that a valid and enforceable contract between a teacher and

a school district could be created only by compliance with the strict requirements of the statute. *Potts v. Penn Township School District,* supra; *Hawkins' Petition,* supra; *Ickes v. Costlow et al.,* 127 Pa. Superior Ct. 180, 193 A. 287. Likewise, in dismissing a teacher, an observance of the procedure prescribed is mandatory. The board of school directors cannot be relieved of the consequences of its failure to observe the essential statutory requirements in dismissing a teacher any more than a teacher can be relieved from showing the vital and essential elements required to make a valid and enforceable contract between the teacher and the school district when such teacher seeks to enforce such contractual obligation. The procedure which the board adopted was irregular and fatally defective. There was no required statement of charges before dismissal, no proper notice of hearing before dismissal, and no recording on the minutes how each member voted after such hearing. The action of the board, and the affirmance of such action by the court below, must be reversed for want of compliance with the provisions of section 1205 of the School Code, Act of 1911, as amended (24 PS §1126).

The order of the court below is reversed, and the board of school directors of the school district of Upper Tyrone Township, Fayette County, is directed to reinstate appellant in accordance with the terms of her contract.