## Bachman's Appeal

*Snyder, Wert & Wilcox*, for petitioner.
*Butz, Steckel & Rupp*, for respondent.

IOBST, P. J., March 20, 1939.—This is an appeal from a final decision of the Board of School Directors of the School District of the City of Allentown refusing to grant a hearing to Charles F. Bachman, one of its teacher employes, and involves a question of a decrease in salary. Petitioner, Charles F. Bachman, asks the court to hear his appeal from the action of the school district. The school district then filed a motion to strike off said appeal and a rule was thereupon granted on Bachman to show cause why said appeal should not be stricken from the record. The matter before us is a jurisdictional question and involves the Teachers' Tenure Act of April 6, 1937, P. L. 213.

Section 1205-A of said act provides as follows: "The salary of any district superintendent, assistant district superintendent or other professional employe as defined in this act in any of the school districts of the Commonwealth may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe, either in salary or in type of position, without the consent of the said employe, or if such consent is not received, then such demotion shall be subject to the

right to a hearing before the board of school directors, and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

In paragraph (*j*) of section 1205 (concerning the dismissal of a professional employe) the act provides as follows:

"In case the professional employe concerned considers him- or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to court of common pleas of the county wherein the school district concerned is situate. . . . If the professional employe aggrieved shall so request in his petition, such hearing shall be de novo."

The school district's petition to strike off the appeal alleges as the reasons therefor, that because there was no hearing granted by the school board there is nothing to appeal from; that no right of appeal exists unless the appeal was preceded by a hearing; and then suggests other remedies for redress.

The legislature has assumed the sole responsibility of the public school system in this Commonwealth, and the various school boards are merely functioning as the agents of the Commonwealth, and can only do such things pertaining thereto as the legislature, by enactment, authorizes the boards to do: Meliodon v. Philadelphia School Dist., 328 Pa. 457, 459. The legislature can also direct under what supervision the school boards shall function, and under the Tenure Act, supra, it has provided that all actions of the school board, concerning professional employes, shall be under the supervision of the court of common pleas. In White Township School Directors Appeal, 300 Pa. 422, 428, Mr. Chief Justice Kephart says:

"In our system of jurisprudence at common law, common pleas courts are vested with sole and exclusive responsibility for the determination of certain litigation, and the legislature, in creating new duties which call for

supervision or correction of administrative activities of government by the courts, may, in its wisdom, place on designated courts the exclusive function of deciding the disputed questions relating to such activities as may be brought before it; in this class of cases that function must be performed by such courts; they cannot shift their obligation or duty to appellate tribunals nor may we take it from them. Acts within the scope of their authority cannot be inquired into by a higher tribunal. We may determine whether the given act is properly within the scope of their power, but the manner of its performance, or the propriety or fairness of the conclusion, is not the subject of review".

The school board in this particular instance exercised an administrative function when it undertook to decrease the salary of an employe (if there was such demotion, and that is the question for the court's determination), without the consent of the employe.

Under section 1205-A, supra, "such demotion shall be subject to the right to a hearing before the board of school directors, and an appeal, etc.".

If the school board has decided to reduce the salary of an employe, under this particular section, the employe has the right to a hearing or the employe may also waive that right. However, in the matter before us, it is alleged that a hearing was requested but the request was answered by a refusal to grant a hearing. It was the school board's final decision in the matter; hence this appeal. The facts as set forth in complainant's petition are not denied and the only question before the court is a question of law, which will have to be decided by this court, whether in this or any other proceeding.

Since the court has jurisdiction over the subject matter, it would seem needless to require appellant to proceed by mandamus, praying the court for an order to compel the school board to grant a hearing. The petition for appeal does not ask for a hearing de novo; but we regard

that as immaterial. The facts are not in dispute. However, if additional testimony is desired we will hear it.

In Swink's Case, 132 Pa. Superior Ct. 107, at page 110 the court states the following: "In this petition she set forth the grounds for the appeal, and requested a hearing de novo. On December 31, 1937, upon presentation of the petition, the court fixed the time for hearing. On January 8, 1938, appellant moved to amend her petition by striking out the words 'de novo', and the amendment was allowed by the court. When the matter came on for hearing, the facts were agreed upon by the parties, and the matter was proceeded with by the court below on the basis of those facts. The agreed facts, submitted for the judgment of the court, constituted a hearing de novo as fully and effectually as if testimony had been taken on the issue involved. The action of the court below was confined thereto and based thereon. A transcript of the board's proceedings was not incorporated in the agreed facts. The proceedings before the court of common pleas cannot be construed in any other light than a hearing de novo notwithstanding appellant's waiver of such hearing."

The school board, in its petition to strike off the appeal, nowhere denies that its refusal to grant a hearing was a final decision of the board, from which an appeal would lie, and it shows rather poor grace now to come into court and set up its noncompliance with the act to grant a hearing upon request, as an objection for the court to hear this matter on appeal de novo. The appeal was taken within 30 days after the decision of the board and for the reasons hereinbefore stated the motion to strike off the appeal must be denied.

### Decree of court

Now, March 20, 1939, the rule granted on February 1, 1939, to show cause why the appeal should not be stricken from the record is discharged, and the School District of the City of Allentown is directed to answer the petition of the appellant within 15 days.