## Dunmore School District's Appeal

*P. A. McGlone*, for appellant.

*J. F. Brennan* and *A. A. Maguire*, for respondent.

LEACH, P. J., February 29, 1942.—This is an appeal of the School Board of the Borough of Dunmore from the order of the Superintendent of Public Instruction reinstating Ursula Cunningham Leahey as a teacher in the said district.

It appears that the School District of the Borough of Dunmore was ordered to lay off seven teachers in order to qualify for certain relief from the State. This was in 1940, and instead of laying off the seven teachers they appointed ten additional teachers. In 1941 the same situation was present, only worse.

Ursula Cunningham Leahey was a teacher with 17 years' experience and was compelled to remain home from sometime in February 1941, due to the fact that she was a married woman, was pregnant, and was compelled to undergo a Cæsarian operation. She gave the usual and customary notice required at the time, and no action was taken by the board except to employ a substitute in her place. It was claimed that one member of the board called upon her to get in touch with him, which she refused to do, and thereupon the board dismissed her first and notified her afterwards.

This is a direct violation of section 1205 (*d*) and (*f*) of the School Code of May 18, 1911, P. L. 309, as

amended by the Act of May 29, 1931, P. L. 243, sec. 26, and as further amended by the Act of April 6, 1937, P. L. 213, sec. 2, 24 PS §1126, and has been condemned by the Superior Court of Pennsylvania in Swink's Case, 132 Pa. Superior Ct. 107.

There is no rule or regulation of the School Board of the Borough of Dunmore which deals with the situation of a married teacher who is compelled to ask leave of absence to give birth to a child. There is nothing in the absurd contention of the board that the mere fact that a school teacher gives birth to a child is a negligent act on her part, if the said lady is married. The case cited, where an unmarried employe was discharged for that reason, does not apply in this case.

It seems that the action of the board in this case was a direct and wilful violation of the statute.

Now, February 20, 1942, appeal is dismissed and appellants are ordered to reinstate the said Ursula Cunningham Leahey as a professional employe of the said district.