## Avoca Borough School District Appeal

Before Valentine, P. J., Aponick and Flannery, JJ.

*Mitchell Jenkins*, for appellant.

*Arthur A. Maguire*, for appellee.

VALENTINE, P. J., January 16, 1953.—This is an appeal by the School District of Avoca Borough from the decision of the Superintendent of Public Instruction, sustaining the appeal of Nan Heston McCarthy, from the action of the school board in dismissing her as a professional employe. At the time of her dismissal Mrs. McCarthy had been employed in the district for approximately 18 years. She was serving under a written contract, in proper form, and had concededly acquired tenure status. She was a *permanent* rather than a *temporary* professional employe.

The case was submitted to us for the determination of the single question of law, viz., whether the motion or resolution to dismiss Mrs. McCarthy required the affirmative vote of two thirds of the board members, or whether a majority vote was sufficient.

The School District of Avoca is of the fourth class. The board of school directors is composed of five members. The resolution for Mrs. McCarthy's dismissal was supported by the votes of three members of the board; two members voted against the adoption of the resolution.

It is the contention of counsel for appellant that section 1129 of the Public School Code of March 10, 1949, P. L. 30, which requires a two-thirds vote, had been superseded by section 508 of the code, as amended by the Act of September 28, 1951, P. L. 1546. The amendment provides that:

"The affirmative vote of a majority of all the members of the board of school directors in every school

district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: . . ."

"Dismissing a teacher after a hearing."

Section 508 was twice amended at the 1951 session of the legislature. The amendment of September 28th made no reference to the earlier amendment of May 10th. The latter amendment did not specifically repeal section 1129 of the Code of 1949, and the controlling question therefore, is whether there has been an implied repeal. The later law could only be construed as impliedly repealing the former, if the "two laws be irreconcilable": Act of May 28, 1937, P. L. 1019, art. VII, sec. 91, 46 PS §591.

Under section 1208 of the Act of May 18, 1911, P. L. 309-373, a teacher could, after hearing, be dismissed by a majority vote. The Act of September 28, 1951, is substantially a reënactment of this provision. Section 1205 (f) of the Teachers' Tenure Act of April 6, 1937, P. L. 213-217, changed the provision contained in the Act of 1911 by requiring a two-thirds vote for the dismissal of a professional employe who had acquired tenure status. See Swink's Case, 132 Pa. Superior Ct. 107.

There are two classes of teachers engaged in the public schools; those who have acquired tenure status and those who have not. The provision for a majority vote, specified in the 1951 amendment, might well be construed as applicable to those who had not acquired such status. The two laws are not irreconcilable.

We conclude, therefore, that in the instant case the teacher who had acquired tenure status, and who was classified as a permanent, rather than a temporary employe, could only be dismissed if the board members, by a two-thirds vote, so determined.

Therefore, the appeal of the school district is dismissed.