## Abington School Board *v.* Pittenger and Albrecht, Jr., Intervening Appellee.

Argued April 3, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas F. Heilman,* with him *H. Thomas Felix, II, John F. E. Hippel,* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*Edward A. Miller,* Assistant Attorney General, with him *Robert F. Seaker,* Assistant Attorney General, for appellee.

*Richard W. Rogers,* with him *Rogers, Smith & King,* for intervening appellee.

OPINION BY JUDGE KRAMER, May 22, 1973:

This is an appeal taken by the Board of School Directors of the Abington School District (Board) from an order of the Secretary of Education of the Commonwealth of Pennsylvania (Secretary), dated September 13, 1972, wherein the appeal of Erwin F. Albrecht, Jr. (Albrecht), was sustained. Albrecht, a professional employe of the Board, had taken an appeal to the Sec-

retary from an adjudication of the Board demoting Albrecht from his position as Assistant Principal of one of the Board's high schools. The order of the Secretary directed the Board to reinstate Albrecht to his position as Assistant High School Principal.

The record establishes[1] that in September of 1967 Albrecht entered into a professional employe's contract as a teacher of Social Studies with the Board. On January 9, 1970, Albrecht entered into another contract with the Board for a ten-month term (and year to year thereafter) and was assigned duties as an Assistant Principal at the North Campus of the Abington High School. Albrecht remained in that position until July 9, 1971.

In August of 1970, Albrecht had received a satisfactory rating from his superior, the Principal; but in February and June of 1971, he received unsatisfactory ratings. After his unsatisfactory ratings, Albrecht had discussions with the Superintendent of the School District and the Principal. He was advised in June, 1971, by the Superintendent, that "whatever your future in the Abington School District, it is not at North Campus." There apparently were a number of conferences following the June unsatisfactory rating report culminating in a meeting on July 2, 1971, wherein Albrecht was advised that his assignment at the North Campus School would terminate on July 9, 1971, and that he would be granted 20 days summer work at his same salary as Assistant Principal, and that commencing with the 1971-72 school year, he would be reassigned as a teacher of Social Studies at the South Campus School. In view of the fact that in the adjudications of both

---

[1] The Board, in its "Petition To Be Excused From Printing the Record," represented to this Court that the issues of fact "are basically uncontroverted," and a reading of all of the briefs permits us to assume the only issues presented are questions of law.

the Board and the Secretary, there are findings that (1) Albrecht did not consent to his new assignment and (2) that the new assignment was in fact a demotion (which the record fully supports), we need not delve into these matters for the purposes of this case. In any event, on July 7, 1971, a hand-delivered letter was given to Albrecht setting forth the understanding (as discussed on July 2, 1971) of the school administrators on Albrecht's status subsequent to July 9, 1971. The record clearly shows that Albrecht entered upon his newly assigned duties following July 9, 1971, under his understanding of his obligations to carry out the directions of his superiors in the school administration, and not for any purpose of agreeing to or consenting to his new assignment. On July 14, 1971, Albrecht sent a letter to the Superintendent stating that he considered his new assignments to be a demotion to which he did not give his consent, and therein demanded a hearing before the Board.

Our reading of this record makes it abundantly clear that *after* the receipt of Albrecht's letter, the Principal of the North Campus School prepared a list of 24 specifications or charges intended as support for the transfer of Albrecht as described above. This list of charges was signed, however, by the Superintendent, and is dated September 29, 1971. Although notice of the hearing before the Board was signed by the President and Secretary, counsel for the Board stated for the record that the Board did not see the charges until the first hearing before the Board, namely October 11, 1971. It is important to note that Albrecht had already been demoted by his new assignments, effective July 9, 1971. After the lengthy hearings were concluded on November 18, 1971, the Board met on December 2, 1971, wherein the resolution or adjudication of the Board was issued by a vote of six to two (with one intentional ab-

stention) approving the transfer-demotion for three generally stated reasons.[2]

Throughout all of these proceedings, before the Board, the Secretary, and this Court, counsel for Albrecht has registered his protest and opposition to the procedure followed by the Board. Without taking additional testimony or receiving additional evidence, the Secretary held that the procedure followed by the Board was "void ab initio" because of the failure of the Board to satisfy the procedural requirements of the Public School Code of 1949 (School Code), Act of March 10, 1949, P. L. 30, Article II, Sections 1127 and 1151, as amended, 24 P.S. §11-1127 and 11-1151.

The only question before us is whether Albrecht's unconsented to demotion is valid when tested by the procedural aspects of the statute vis-a-vis the Board's procedure, as disclosed by the record in this case.

Section 1151 of the School Code, 24 P.S. §11-1151 reads as follows: "The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever *the board* of school directors of the district deems it necessary or advisable to do so, but there shall be *no demotion* of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

---

[2] The decision of demotion, after hearings, by the School Board was based on (1) failure to perform the duties of an assistant principal, (2) demonstrating poor judgment, and (3) unbecoming conduct.

(Emphasis added.) The dismissal procedure is spelled out in Section 1127 of the School Code, 24 P.S. §11-1127, wherein it is stated: "Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned."

The Board argues that the school administration was misled by Albrecht's tacit acceptance of his new assignments or duties after July 9, 1971, and that therefore, it was not necessary for the Board to become involved in what at that time appeared to the administrative staff to be a consensual transfer. The Board also argued that because it is performing a quasi-judicial function, it would be improper for it to pass upon the demotion prior to its hearing the facts of the case and therefore, under the Board's interpretation of the

above-quoted sections of the Code, it was not necessary (as the Secretary ruled and held) for the Board to have passed a resolution on the demotion prior to granting Albrecht a hearing. Before getting into the other ramifications of the Board's argument, it must be noted here that the Board, itself, found and ruled that Albrecht in fact had not consented to the demotion.

Albrecht argued that the Secretary was correct in his adjudication because the law provides that the procedural approach to a demotion must be strictly followed by the Board.

One of the problems confronting the Board in its argument is that its main premise is deeply rooted in what the administrative staff of the Board thought was a reassignment of duties for Albrecht, not amounting to a demotion. Whereas the Board, itself, and later the Secretary, properly concluded that the intended reassignment was in fact a demotion. There is no doubt that the Legislature intended the administrators of school districts to have the power to assign its professional employes to particular classes, or to particular schools or positions in accordance with its judgment and discretion reasonably exercised. As our Supreme Court said in the case of *Smith v. Darby School District,* 388 Pa. 301, 306, 130 A. 2d 661, 665 (1957) : "A professional employee, under the tenure provisions of the Code, does not acquire a vested right to teach in any certain class or in any certain school. Commonwealth ex rel. Wesenberg v. Bethlehem School District et al., 148 Pa. Superior Ct. 250, 256, 24 A. 2d 673. The only limitation on a school board's general power is that the work to which a professional employee is assigned be of a rank or class equivalent to that by which his permanet status was acquired and one for which he is qualified."

However, it is veritably a legal maxim in this Commonwealth that the provisions of the teacher's tenure, as found in the School Code requires strict compliance. *See Swink's Case*, 132 Pa. Superior Ct. 107, 200 A. 200 (1938), wherein the court said: "Nevertheless, the procedure for the dismissal of a professional employee of a school district is established by statute. There may be no material deviation from these procedural requirements. . . . The burden [at the initial hearing] was on the board to show a proper dismissal of appellant; and she was entitled to the benefit of every right secured to her by the School Code. . . . Unless she was dismissed in the prescribed manner, having been accorded every right secured to her by statute, her dismissal was illegal." 132 Pa. Superior Ct. at 111, 200 A. at 202, 203.

"Likewise, in dismissing a teacher, an observance of the procedure prescribed is mandatory." 132 Pa. Superior Ct. at 115, 200 A. at 204. *See also Snyder v. Washington Township School District*, 117 Pa. Superior Ct. 448, 454, 178 A. 312 (1935). As we read the cases, where a school board undertakes to terminate a contract, dismiss or demote a professional employe, the procedure set forth in the School Code must be strictly followed, and failure on the part of the Board to comply therewith renders an attempted demotion abortive. We can find no provision in the School Code conferring upon the administrative staff of a school district, whether it be the Superintendent or the Principal, the authority to demote a professional employe. By virtue of the well-established fact of demotion in this case, all of the proceedings prior to September 29, 1971 (the date of the letter signed by the President and Secretary of the Board addressed to Albrecht granting him the right to a hearing on his allegation of demotion) were performed by the administrative staff of the school district and not by the Board.

Rather than fault Albrecht for attending to his new assignments, commencing on July 9, 1971, Albrecht should be commended for following the direction of his superiors under very trying circumstances.

Our reading of Sections 1151 and 1127 of the School Code leads us to conclude that only the Board may demote a professional employe, and that such demotion must strictly follow the procedure set forth in Section 1127 for dismissal of professional employes. Our Supreme Court in *Tassone v. Redstone Township School District*, 408 Pa. 290, 183 A. 2d 536 (1962) (although this case involved a de novo hearing) established the principle that the hearing provided for demotions was established for the purpose of permitting the school district to present its reasons for the proposed demotion. The Court there said: "The prime function of any hearing procedure is to require the official authority to explain its action to the professional employee affected and to afford him the opportunity to present his position in light of such explanation." 408 Pa. at 293, 183 A. 2d at 538. The Court here recognized that, "The demotion, moreover, cannot become effective until *after* the hearing has taken place.

"'Time and again our courts have stated that the purpose of the tenure provisions of the School Code is the maintenance of "an adequate and competent teaching staff, free from political and personal arbitrary interference, whereby capable and competent teachers [might feel more secure] . . . and more efficiently perform their duty of instruction" . . . .'" (Emphasis in original.) Citing *Smith v. Darby School District*, 388 Pa. at 311, 130 A. 2d at 667. 408 Pa. at 294, 183 A. 2d at 539.

In this case, the administrative staff of the school district had already accomplished the demotion before the Board had any notice or knowledge of same. To

permit the Board to follow the procedure it utilized in this case, is to permit the Board to circumvent the very intent of the teacher tenure provisions of the School Code. It certainly could not be argued that the legislative intent permits the school district to demote teachers without Board action, so long as the teacher does not ask for a hearing. Quite to the contrary, the statute evidences a legislative intent for Board action, even where there is consent by the professional employe. Further, if there is no consent, then perforce the Legislature has required Board action. We find no specific provision, or even implied provision, which would permit ratification by the Board of administrative staff directed demotions.

We repeat, the record in this case is not one where the professional employe sat back and asserted no claim to an improper procedural defect in his demotion. Albrecht's counsel, in every proceeding, has raised this issue. It would have been a simple matter for the Board to have cured the defects at the outset. The Board only needed to have passed a resolution that it had sufficient evidence to support its belief, to demote Albrecht by some given date, and therein direct the Secretary and President of the Board to serve notice upon Albrecht of this fact and to advise him of his right to a hearing. At this point, Albrecht would have had a decision to make: whether to request the hearing or consent to the demotion. The Board did not follow this procedure. Instead, it permitted its administrative staff to demote Albrecht without Board action, and only after Albrecht's demand for a hearing, set the wheels in motion for a hearing several months later. As alluded to hereinbefore, the Board did not know the contents of the charges which had been promulgated

by the Principal until the first day of hearing. This was improper.[3]

In summary, our analysis of the law and review of the record in this case permits us to conclude that the action of the Board violated Albrecht's rights under the teacher tenure provisions of the School Code and therefore was void. As a result, we must affirm the adjudication of the Secretary. We therefore

### ORDER

AND NOW, this 22nd day of May, 1973, the order of the Secretary of Education is affirmed, and it is hereby ordered that the appeal of the Board of School Directors of the Abington School District is dismissed, and said School Board is ordered to reinstate Erwin F. Albrecht, Jr. to the position of Assistant High School Principal.

---

[3] We notice with interest in all of the cases cited by the Board, in its brief, that the board in question had taken the initial action, whether it was a dismissal or a demotion. The Board relies heavily upon the case of *Mullen v. DuBois Area School District*, 436 Pa. 211, 259 A. 2d 877 (1969). This citation is inapposite, as was commented upon by our Supreme Court in *Nicolella v. Trinity Area School District School Board*, 444 Pa. 544, 281 A. 2d 832 (1971).