James T. Black *v.* Wyalusing Area School District. Commonwealth of Pennsylvania, Department of Education. Wyalusing Area School District, Appellant.

Argued September 13, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*A. B. Duvall,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, November 18, 1976:

Appellant appeals an order of the Secretary of Education (Secretary) reinstating appellee as an elementary principal. We affirm.

Appellee was hired as an elementary principal by appellant in 1968. In July 1975, after appellee had acquired tenure, appellant notified him that his position was being abolished. Appellee alleged that this action constituted a nonconsensual demotion and requested a hearing before appellant's board of school directors in accordance with Section 1151 of The Public School Code of 1949.[1] A hearing was begun on August 6, 1975, but was adjourned without presentation of evidence when appellee refused to stipulate that the Local Agency Law[2] would control the proceedings. Appellee then accepted without prejudice to his rights to appeal a teaching position within appellant's system at an annual salary approximately $2,765.00 less than his last pay as a principal. On appeal the Secretary conducted a hearing and ruled that a nonconsensual demotion had occurred, no hearing before the board had been held, and, therefore, the appellee was entitled to reinstatement as a principal. This appeal followed.

Appellant clearly had the right to abolish appellee's position. *Abington School Board v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 68, 305 A.2d 382, 385 (1973). However, if appellee was demoted thereby, Section 1151 voids such demotion until a hearing is conducted before the board. No hearing has been held.

The first issue, therefore, is whether the appellee was demoted. Unquestionably he was. Section 1151 provides that demotion of a professional employee can occur either in salary or in type of position. Appellee suffered not only a decrease in pay, but also a reduction in duties and responsibilities. *See Lakeland*

---

[1] Section 1151 of the Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151.

[2] Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301 et seq.

*Joint School District v. Gilvary*, 3 Pa. Commonwealth Ct. 415, 420, 283 A.2d 500, 502 (1971). Appellant contends, however, that appellee's position was "nonmandated" and, therefore, his reassignment was not a demotion. We refuted this exact contention in *Commonwealth Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 61, 347 A.2d 736, 738 (1975).

The distinction between 'mandated' and 'non-mandated' positions is not relevant to the necessity for a hearing on the threshold issue of *whether or not* a demotion has taken place. (Emphasis in original.)[3]

The second and more difficult issue is whether, given the fact that the appellee was demoted, the Secretary was correct in ordering reinstatement. Appellant does not dispute appellee's right to a hearing on remand, but does dispute the Secretary's authority to order reinstatement without such a hearing. Appellant cites *Charleroi, supra.* There the Secretary had also ordered reinstatement after deciding that a professional employee had been demoted without a hearing. We held that remand rather than reinstatement was proper. In that case, however, we felt a full hearing was required for the Secretary to determine whether the reassignment was actually a demotion.[4] Here there can be no doubt that a demotion occurred. Nor is our recent decision in *Commonwealth Department of Education v. Oxford Area School District*, 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976) applicable. Once again, the circumstances there dictated the need for a hearing.

---

[3] In fairness to appellant's counsel, it must be noted that this contention was raised before our decision in *Charleroi*.

[4] The reassignment was from "reading specialist and remedial reading supervisor" to teacher. Here, in contrast, the reassignment was from principal to teacher.

The serious problem presented by this case can be restated in another fashion. Can the demotion of the appellee become effective until after a hearing? If the abolition of the position is effective without a hearing and the demotion is not, then when the remand takes place and back pay ordered, the appellee is being paid and will continue to be paid, at least until a hearing, to occupy a position that does not exist and the duties of which have presumably been abandoned or reassigned. Incongruous as that may seem for a public office, such is the clear mandate of the Pennsylvania Supreme Court in *Alberts v. Garofalo,* 393 Pa. 212, 142 A.2d 280 (1958). In that case the school board had abolished the position of supervising principal. The person who had occupied that position was suspended. After the suspended employee instituted a legal action, the school board reinstated him. At issue was the right of the employee to the position and to compensation for the period between the suspension and the reinstatement:

> In the present case the right of the board to abolish the post of supervising principal is not questioned, and we are here concerned only with the treatment of an employe whose position has been abolished.
>
> As a supervising principal plaintiff is a professional employe within the meaning of the School Code: Act of March 10, 1949, P.L. 30, §1101, as amended, 24 P.S. §11-1101. *As such his status could only be changed in accordance with the protective tenure provisions of the Code.* Consistent with these provisions the defendant school directors could have summarily transferred the plaintiff to a position equal to or greater than his former post in status and salary: Ritzie Appeal, 372 Pa. 588, 94 A.2d 729 (1953). Alternatively, they could have demoted the plaintiff to an inferior position *provided that they first accorded him a hearing:*

Smith v. Darby School District, supra; Act of March 10, 1949, P.L. 30, §1151, 24 P.S. §11-1151. Further, the school directors could have dismissed plaintiff, but only for the causes set forth in the Code and in the manner prescribed therein. Smith v. Darby School District, supra; Act of March 10, 1949, P.L. 30, §1122, as amended, 24 P.S. §11-1122 (Supp).

*Alberts, supra,* 393 Pa. at 214-15, 142 A.2d at 282. (Emphasis supplied.)

Accordingly, we will enter the following

ORDER

Now, the 18th day of November, 1976, the decision of the Secretary of Education, November 14, 1975, ordering the Wyalusing Area School District to reinstate James T. Black as an elementary principal without loss of pay, is hereby affirmed and the appeal dismissed.

