Lawrence Patchel, Petitioner *v.* Board of School Directors of the Wilkinsburg School District, Respondent.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Alfred C. Maiello,* for petitioner.

*Roger J. Ecker,* with him *Peacock, Keller, Yohe, Day & Ecker,* for respondent.

OPINION BY JUDGE BLATT, April 16, 1979:

Lawrence Patchel (petitioner) appeals here from an order of the Secretary of Education (Secretary) dismissing with modification his appeal from a demotion by the Board of School Directors of the Wilkinsburg School District (Board).

The petitioner, a professional employee, was the principal of the Horner Middle School when on May 13, 1976 the School District Superintendent expressed dissatisfaction with the petitioner's performance as

principal and suggested that he could voluntarily: (1) return to classroom teaching; (2) accept a demotion to assistant principal; or (3) remain as principal in name only, with another principal being in charge. The petitioner refused, in a letter dated May 16, 1976, to accept voluntarily any of the options presented. On May 24, 1976, the Board adopted a resolution directing that another person, Dr. Leftwich, who had previously been a coordinating principal at the Horner Middle School, be put in charge of that building. On May 27, 1976, the Superintendent rated the petitioner's performance "unsatisfactory" on a form known as a DEBE-333(5-72) and he notified the petitioner on June 16, 1976, that he would recommend his demotion to the Board from principal to assistant principal. On July 8, the Board resolved that a statement of charges against the petitioner warranted a hearing to determine whether or not he should be demoted, and a hearing was begun on July 19 at which the petitioner was present and testified. The hearing continued on August 23, 24 and 30 and September 19, 1976, and the Board resolved on September 29, 1976, to demote the petitioner who then appealed to the Secretary. A hearing was held before the Secretary, after which an order was entered dismissing the petitioner's appeal but modifying the Board's decision by reinstating the petitioner to the rank of Principal until the conclusion of his demotion hearings on September 19, 1976, having found that the petitioner had been effectively demoted on May 13, 1976, by improper administrative action. This appeal followed.

Our scope of review is limited here to a determination of whether or not the adjudication was in accordance with law, the petitioner's constitutional rights were violated and the findings of the Secretary were supported by substantial evidence. 2 Pa. C.S. §704.

The petitioner alleges that his demotion was invalid for three reasons: first, that the reasons for the demotion were arbitrary and capricious; second, that the School District did not properly adhere to the procedures required for an effective rating; and third, that he was effectively and improperly demoted *before* the hearing took place, thus making the demotion approved after the hearing also invalid.

As to the petitioner's first argument, the law is clear that demotions pursuant to the Public School Code of 1949 (School Code)[1] are presumptively valid. *Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972). The demoted employee has also been clearly held to bear the heavy burden of proving that the school board acted arbitrarily or upon improper considerations. *Smith v. Darby School District,* 388 Pa. 301, 130 A.2d 661 (1957). A review of the record here reveals, however, that the petitioner has failed to meet that burden. The Board presented forty-five specific charges under three categories: (1) Personality-Judgment, (2) Preparation and (3) Technique. Although the petitioner denied many of the charges, there was substantial evidence before the Board on the basis of which it could reasonably find that the replacement of the petitioner would improve the operation and administration of the school.[2]

As to the manner in which the petitioner was rated, which he says did not conform to the procedures mandated by the School Code, we note that the "unsatisfactory" rating received by the petitioner ap-

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

[2] A school board has the prerogative to transfer an employee to another position to accomplish the objective of increasing efficiency and improving the school administration. *Smith v. Darby School District,* 388 Pa. 301, 130 A.2d 661 (1957).

peared on the DEBE-333 (5-72) form entitled "Temporary and Professional Employe's Rating Sheet." He admittedly received a copy of this unsatisfactory rating, but he complains that he did not receive it within ten days as mandated by paragraph 2 of the form, and he also claims that he did not receive the required anecdotal record. The requirements of the School Code regarding the use of ratings are found in Sections 1123 and 1125 of the Code, 24 P.S. §§11-1123, 11-1125. Section 1123 requires ratings for "determining whether a professional employe shall be dismissed for incompetency, and in rating the services of a temporary professional employe. . . ." Section 1125 requires school districts to consider ratings when suspending professional employees. The Secretary found, however, that because the petitioner was not a temporary professional employee and because he was not suspended or dismissed, those sections of the School Code requiring ratings are not applicable. We agree.

The petitioner's final argument is two-fold: first, that he was effectively demoted by administrative action prior to the Board's hearing, which is prohibited by the School Code and, second, that the administrative demotion rendered the Board's subsequent action invalid. As to the first contention, it is true that a demotion of a professional employee may not become effective until after a hearing is held as required by Section 1151 of the Code.[3] *Black v. Wyalusing Area School District*, 27 Pa. Commonwealth Ct. 176, 365 A.

---

[3] Section 1151 of the School Code provides in pertinent part:
There shall be no demotion of any professional employe either in salary or type of position, except as otherwise provided in this Act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors. . . .

2d 1352 (1976). Furthermore, the fact that a school district does not characterize the action as a demotion, and that the professional's salary and title may be unchanged is not dispositive. When a professional employee claims that he has been in effect demoted, it is the Board's duty to conduct a hearing and to determine whether there has in fact been a demotion in either the type of position or in the salary. *Smith v. Darby School District, supra.* Because a demotion is relative, the appropriate inquiry must be centered around whether or not there has been a change in authority, prestige or responsibility. *Department of Education v. Charleroi Area School District,* 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975). In its findings here, the Board failed to resolve the question as to whether or not the petitioner actually had been demoted prior to the Board's hearings. The Secretary concluded, therefore, that the uncontradicted evidence that the petitioner was relieved of his duty to rate teachers in academic areas and was also relieved of the responsibility of interviewing candidates for teaching positions *before* the hearings, supports the petitioner's contention that a demotion had in fact occurred. We believe that the Secretary's determination is well founded, but the question still remains as to the validity of the demotion approved *after* the hearing.

The petitioner asks that we hold the action of the Board taken after the hearings to be void, and, to support his proposition he relies on our holding in *Abington School Board v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973). There we held that in the case of a professional employee who had been demoted without a hearing, the later decision of the Board to ratify the improper administrative action was void. The facts here, however, are easily distinguishable. In *Abington,* the hearing was not

scheduled by the Board until months after the employee's demand for it, and the Board never saw the charges until the hearing began. There was a clear violation of Section 1127 of the School Code, 24 P.S. §11-1127, which requires the *Board* to *resolve* to demote the employee and to furnish him with a written statement of the charges prior to the hearing. More importantly, in *Abington* we explicitly stated the manner in which the school board could have cured the defects in its procedure:

> The Board only needed to have passed a resolution that it had sufficient evidence to support its belief, to demote Albrecht [the professional employee] by some given date, and therein direct the Secretary and President of the Board to serve notice upon Albrecht of this fact and to advise him of his right to a hearing.

9 Pa. Commonwealth Ct. at 71, 305 A.2d at 387.

In the instant case, we believe that the Board properly followed the procedure outlined in *Abington* to cure the defective administrative demotion. It reviewed the statement of charges, resolved to conduct a hearing on the demotion and promptly did so. The only period of time in which the petitioner's demotion was ineffective is that time before the September 19, 1976 resolution of the Board.

The order of the Secretary is affirmed.[4]

### ORDER

AND Now, this 16th day of April, 1979, the order of the Secretary of Education dismissing the petitioner's appeal is affirmed with the modification that the said order is corrected to show that September 19,

---

[4] The Secretary's order refers to the date of the Board's final action as September 19, 1977, it should properly be September 19, 1976. Our decision affirms the Secretary's order as so modified.

1976, was the date when the hearing on his demotion held by the School Board was concluded and is also therefore the date when the period of his reinstatement was concluded.