510 A.2d 912

Samuel H. Black, Sr., Appellant *v.* Board of Directors of the West Chester Area School District, Appellee.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Bruce Alan Herald, Goldberg, Evans, Herald & Donatoni,* for appellant.

*Ross A. Unruh,* with him, *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for appellee.

Opinion by Judge Colins, June 11, 1986:

Samuel H. Black, Sr. (appellant) appeals an order of the Court of Common Pleas of Chester County which sustained the preliminary objections of the Board of Directors of the West Chester Area School District (appellee) and dismissed Count II of appellant's Amended Complaint for lack of jurisdiction.[1] Count I of the Amended Complaint, a mandamus action in which appellant sought an order compelling appellee to afford him tenure, remains before the trial court.

Appellant had been employed by appellee as the Supervisor of State and Federal Programs, an administrative position with an annual salary of $31,750 plus benefits. By letter dated June 25, 1981, the Superintendent of the School District, a Mr. Langlois, informed appellant that his position had been eliminated as a result of budgetary constraints adopted by appellee and necessitated by reductions in enrollment and funding. Thereafter, appellant was "reassigned" to a position of guidance counselor, with an annual salary of $26,460, and was informed of his right to request a hearing before the School Board (Board) if he objected to the

---

[1] As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Praisner v. Stocker,* 313 Pa. Superior Ct. 332, 459 A.2d 1255 (1983). However, the general rule is not without exceptions, and where the order effectively precludes the litigant from asserting the cause of action alleged, it may be said to possess sufficient aspects of finality to be appealable immediately. *See Praisner, Id.* at 338-339, 459 A.2d at 1258-1259.

In the case *sub judice,* appellant joined two separate and distinct causes of action, one claim involving his alleged right to tenure and a second regarding his alleged demotion. The trial court's dismissal of Count II precluded appellant from pursuing further the merits of this separate and distinct cause of action. We believe such an order was final and, therefore, appealable and find no error in the trial court's action.

assignment. On August 13, 1981, appellant did request a hearing before the Board but appellee did not respond to his demand.

On June 4, 1982, appellant filed a single count complaint in mandamus regarding his entitlement to tenure, and some months later, renewed his request for a hearing before the Board on his alleged demotion to the position of guidance counselor pursuant to Section 1151 of the Public School Code of 1949 (Code).[2] On August 4, 1982, appellee denied appellant's request for a hearing.

Upon leave of court, appellant then amended his complaint in mandamus by the addition of a second count (Count II), in which he averred that he had been demoted without his consent and denied a hearing before the Board, in contravention of Section 1151 of the Code.[3] In the alternative, appellant pled that his

---

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151, provides that the demotion of a professional employee can occur either in salary or in type of position. *See also Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976). The record reveals that appellee offered appellant the opportunity of earning an additional $2,965.00 for part-time work during the months of July and August, 1982. These earnings supplemented appellant's salary from his position as guidance counselor so that he effectively sustained no loss of income as a result of the abolition of his administrative position.

[3] Section 1151 provides as follows:

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but *there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hear-*

consent to the transfer had been obtained by fraud on the part of appellee.[4] Count II, entitled mandamus, sought an order compelling appellee to reinstate appellant in his former position or an equivalent administrative position and to pay him back salary.

Upon the filing of preliminary objections by appellee, the trial court entered an order sustaining the objection in the nature of a motion to strike for failure to exhaust or exercise an adequate statutory remedy and dismissed Count II of the appellant's Amended Complaint. The trial court determined that appellant had indeed been demoted and noted that appellant's "proper avenue of relief [was] the one he commenced June 15, 1983: an appeal to the Secretary of Education, and then to the Commonwealth Court. . . . As the proper administrative procedures do not include this court, we dismiss Count II for lack of jurisdiction." Appellant's appeal to the Secretary and the Secretary's decision are not of record.

Upon appeal to this Court, appellant contends that his alleged demotion was void ab initio because of the Board's failure to satisfy the procedural requirements of Section 1151 of the Code. As his demotion was void, appellant contends that Section 1131, 24 P.S. §11-1131, regarding appeal to the Secretary of Education, was thus inapplicable such that the trial court erred in dis-

---

*ing before the board of school directors* and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe. (emphasis supplied.)

[4] Appellant avers in his amended complaint that appellee made the following misrepresentations with knowledge of their falsity: that appellant had been reassigned rather than demoted; that appellant would not lose any money as a result of his reassignment; and that appellant would be paid $31,750.00 as a guidance counselor.

missing his complaint for his failure to pursue an administrative remedy.

This Court in *Board of School Directors of Abington School District v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973), has defined the procedural constraints imposed on a school district attempting to demote a professional employee. The Board must pass a resolution stating that it had sufficient justification to demote said employee, serve notice of this fact on the employee and advise him of his right to a hearing. It may not be necessary that the hearing precede the demotion if the demotion is necessitated by budgetary constraints. *See School District of Philadelphia v. Twer,* 498 Pa. 429, 447 A.2d 222 (1982).

In the case *sub judice,* appellant was notified of his reassignment to the position of guidance counselor by a Mr. Brantley, the Assistant Superintendent of the School District. Although Mr. Brantley informed appellant that the transfer was predicated on Board-implemented budgetary reductions, there is no evidence that the *Board* acted to demote appellant, nor did the *Board* give notice of appellant's termination or demotion. On the contrary, the President of the Board testified at depositions that while the Board did vote to eliminate a supervisory position, it did not vote to demote appellant.

This Court stated in *Pittenger,* 9 Pa. Commonwealth Ct. at 69, 305 A.2d at 386, that:

> We can find no provision in the School Code conferring upon the administrative staff of a school district, whether it be the Superintendent or the Principal, the authority to demote a professional employe.

As the assistant Superintendent lacked the authority to demote appellant, his attempt to do so was invalid.

Nevertheless, our so holding does not lead us to conclude, as appellant suggests, that the invalidity of his

demotion renders the relevant Code provision regarding appeal to the Secretary of Education inapplicable.

The record reveals that Appellant twice requested a hearing before the Board to voice his objections to his transfer. Appellee denied his request, by letter of counsel dated August 4, 1982.

Since appellant contends he is a professional employee, his remedy upon the Board's refusal to grant him a hearing was an appeal to the Secretary of Education. *Wolff v. Board of School Directors of the Chichester School District*, 59 Pa. Commonwealth Ct. 196, 429 A.2d 129 (1981). Appellant's argument that no event triggered such an appeal is without merit. The Board's failure to hold a hearing and its failure to specify the evidence necessitating appellant's demotion are both grounds for appeal. *See Wolff.*

Further, 22 Pa. Code §351.5(a), entitled "Appeals from Denial of a Hearing," states in relevant part:

> Where the Board refuses to give an employee a hearing under Section 1151 . . . the employee may appeal to the Secretary *within 30 days* after receipt by registered mail of the written notice of the decision of the board or may file *upon receipt of actual written notice of the denial of the hearing,* whichever comes first. (Emphasis added.)

Appellant received actual written notice of the Board's denial of his request for a hearing on August 4, 1982. He had thirty days from that date within which to appeal to the Secretary of Education. He did not do so, and any appeal subsequent to that date is unquestionably untimely.

Appellant contends that the Court of Common Pleas erred in failing to transfer the matter to the Secretary of Education, pursuant to 42 Pa. C. S. §708 (relating to improvident administrative appeals) and 42 Pa. C. S.

§5103 (relating to transfer of erroneously filed matters), rather than dismissing the action. We need not address the merits of this argument. As we have previously stated, appellant had thirty days from August 4, 1982 in which to appeal the Board's denial of his request for a hearing. Appellant did not petition the Court of Common Pleas for leave to amend his complaint to include reference to his alleged demotion until March, 1983 and was not granted leave to amend until September 9, 1983. Even upon transfer to the Secretary, appellant's appeal would be untimely.

The relief requested by appellant, namely, reinstatement with back pay, is within the authority of the Secretary to so award. *See Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976). Moreover, the issues raised in appellant's Amended Complaint are within the purview of the Secretary's expertise. Had appellant pursued an appeal to the Secretary, he would have had ample opportunity to develop the circumstances of his alleged demotion and any allegations of fraud.

We find the remedy afforded appellant through the administrative process, and one which he failed to timely pursue, was adequate.

Accordingly, we affirm the order of the Court of Common Pleas of Chester County.

## Order

And Now, June 11, 1986, the order of the Court of Common Pleas of Chester County, No. 84, June Term, 1982, dated June 6, 1985, is affirmed.